LEOPOLD JEANNET & Co. *v.* LEONTINE RICKER, wife of L. LAKIN.

The judgment of a court, having jurisdiction over the person of the minor, and of the subject-matter of his application, and rendered upon due notice of the suit to the tutor—unreversed by appeal or action of nullity—cannot be questioned collaterally, on the ground of the alleged informality, antecedent to the decree, and arising after the jurisdiction of the court had attached.

APPEAL from the Second District Court of New Orleans, *Lea*, J.
   *Benjamin, Bradford & Finny*, for plaintiff. *Ogden & Leovy*, for defendant and appellant.

SLIDELL, C. J. This action is brought upon a promissory note made by *Leontine Ricker*, before her marriage, to her own order, and endorsed by herself, and also endorsed by *Samuel Ricker*, her father.

At the time of signing this note, *Leontine Ricker* had not attained the age of twenty-one years. But before its signature, having attained the age of eighteen, she had been clothed with the capacity of a major, by a decree of the District Court of her domicil, under the Statute of 18th of March, 1847, p. 64, which enacts, that whenever a minor above eighteen years, shall be desirous of being dispensed from the time prescribed by law for attaining the age of majority, the said minor shall present a petition to the District Judge having jurisdiction, wherein he shall set forth the causes for which he wishes to have the time for attaining majority dispensed with, &c. The statute directs the Judge to order the convocation of a family meeting, requires the service of a

copy of the petition on the tutor, and his citation to show cause against the application, and provides for the homologation of the proceedings of the family meeting. The petition was in the minor's name, and signed by a member of the bar, whose authority to appear for her has not been denied under her oath, and must therefore be presumed. See *Barnes* v. *Profilet*, 5 Ann. 118. After this decree, she made the note and executed an act of mortgage to secure it, in which she declares herself a person " of lawful age."

The defendant claims that this judgment should be treated as absolutely null and void, upon the ground that the under-tutor was not cited and did not attend the family meeting. If, for the purpose of argument, it be conceded that in the proceedings under the statute, the attendance of the under-tutor at the family meeting was a necessary formality, still the proposition put forth by the defendant, is utterly inadmissible. Under the settled jurisprudence of the State, we must hold that this judgment of a court having jurisdiction over the person of the minor, and of the subject-matter of his application, and rendered upon due notice of the suit to the tutor, the only person whose citation in the suit the statute requires, and which judgment has never been reversed by appeal or action of nullity, cannot be questioned collaterally, on the ground of the alleged informality, antecedent to the decree, and arising after the jurisdiction of the court had attached. The public, in their dealings with the defendant, were not bound to look behind this decree for information in the course of the proceedings. It judicially declared her *status*, and must be deemed of conclusive authority against her and in favor of third persons dealing with her, at least within the jurisdiction of Louisiana, whose tribunal pronounced the decree. Any other doctrine would make such decrees snares to the public. See *Fabre* v. *Hepp*, 7 Ann. 9. *Lalanne's Heirs* v. *Moreau*, 13 La. 433. *Thompson* v. *Tolmie*, 2 Peters, 162.

We cannot say the District Judge erred in holding, that the person on whose behalf the suit was prosecuted, was a *bona fide* holder for a valuable consideration ; and may add, that the acknowledgment of "value received," embodied in the note, is not contradicted by satisfactory evidence. The defendant ought not to regret the absence of proof which would cast reproach on her father.

Judgment affirmed, with cost.