(87 South. 21)

No. 24180.

STATE ex rel. COURTIN v. BROWNE et ux.

In re BROWNE et ux.

(Nov. 29, 1920.)

*(Syllabus by Editorial Staff.)*

Habeas corpus ⬤⟿46—Civil district courts not authorized to issue writ in name of state.

Under Const. arts. 93, 104, 115, 133, and 139, the general authority conferred on the civil district court for the parish of Orleans to issue such writs, process, and orders as may be necessary or proper in the exercise of the jurisdiction expressly conferred upon it does not include authority to issue the writ of habeas corpus, as a summary process in the name of the state, having the object and purpose to restore to liberty any person illegally held in custody, though the writ is sometimes used as an ancillary process to obtain possession of a person non sui juris.

Habeas corpus by the State, on the relation of Robert E. Courtin against Dr. A. O. Browne and wife, wherein, after they were denied trial by jury, defendants petitioned for writ of prohibition or in the alternative for writ of mandamus to compel allowance of jury trial. Writ of prohibition made perpetual, and plea to the jurisdiction of the trial court sustained, with order that the habeas corpus proceeding be dismissed.

James D. Hill and W. O. Hart, both of New Orleans, for petitioners.

O'NIELL, J. The complainants in this proceeding have invoked our supervisory jurisdiction to prevent the judge of division B of the civil district court for the parish of Orleans from proceeding summarily to take from them their infant granddaughter by a writ of habeas corpus. The child is only a few months old, having been born on the 2d of May, 1920. Her mother, daughter of the defendants herein, died two days after the child was born. A suit instituted by the husband, Robert E. Courtin, for separation from bed and board, in which the wife had reconvened and prayed also for a separation from bed and board, was pending at the time of her death. The district judge had assigned her to the residence of her parents, as her temporary domicile, and her child was born there, and has remained there ever since, under the care of the grandparents.

The child was only a month and three weeks old when this habeas corpus suit was filed. It is not an ordinary suit for possession of the child, but is strictly and technically a habeas corpus proceeding, instituted in the name of the state of Louisiana.

The defendants filed exceptions to the suit, substantially, as follows, viz.:

(1) That the allegations of the petition were all in one paragraph, instead of being each in a separate paragraph or article, as required by Act No. 300 of 1914.

(2) That the allegations of the petition disclosed only a case for an ordinary proceeding to obtain possession of the child, and not a summary proceeding by habeas corpus, in the name of the state, in which latter case, defendants contend, the Supreme Court would not have appellate jurisdiction.

(3) That the civil district court for the parish of Orleans had not jurisdiction or authority to issue a writ of habeas corpus.

(4) That, in an ordinary suit for possession of a child, the defendants would be entitled to the benefit of the ordinary delays for answering, and the right to a trial by jury, which rights are denied in the summary proceeding by writ of habeas corpus.

(5) That the relator in the habeas corpus proceeding had not qualified as tutor of the child, and was therefore not entitled to have possession of her.

The judge overruled all of the exceptions to the petition, and denied the defendants a right to a trial by jury. Whereupon the defendants, having given notice to the judge

and to the relator in the habeas corpus proceeding, filed their petition in this court for a writ of prohibition to prevent the judge from proceeding to try the case, or, in the alternative, for a writ of mandamus to compel the judge to allow a trial by jury.

The fact that the relator in the habeas corpus suit made no attempt whatever to comply with the Act No. 300 of 1914, p. 611, is of little or no importance, compared with the question of jurisdiction of the civil district court for the parish of Orleans to entertain the suit in the manner in which it was brought. Although the allegations of the petition for habeas corpus disclosed only a case for an ordinary proceeding by a father to obtain possession of his infant child, the suit was not brought in the name of the father, and no relief was prayed for in his behalf. The suit was strictly and technically a habeas corpus proceeding, instituted in the name only of the state of Louisiana; as is shown by the petition, which we reproduce literally, viz.:

"To the Honorable the Civil District Court for the Parish of Orleans:

"The petition of the state of Louisiana, on the relation of Robert E. Courtin, a resident of the city of New Orleans, with respect represents:

"That petitioner was married to Marguerite Lucille Browne, on June 28, 1919. That an infant child was born, issue of the marriage of your petitioner with the said Marguerite Lucille Browne. That since the birth of said child, your petitioner's wife has departed life. That said child is the child of your petitioner, and that your petitioner is entitled by law to its care, custody, and control. That said child is in the care and custody of Dr. A. O. Browne and Mrs. A. O. Browne and the members of their family, and is being unlawfully and illegally detained at No. 55 Fontainbleau drive, where the said child is illegally and forcibly detained and deprived of its liberty.

"Wherefore, the premises and annexed affidavit considered, petitioner prays that a writ of habeas corpus may issue herein, directed to the said Dr. A. O. Browne and Mrs. A. O. Browne, and the members of their family, residing in the premises No. 55 Fontainbleau drive, in the city of New Orleans, commanding them to bring and produce the infant child of your petitioner, issue of your petitioner's marriage with the said Marguerite Lucille Browne, before this honorable court on such day and at such hour as the court may appoint, and that, after due hearing, the said infant child of your petitioner be at once released and restored to liberty, with full power to return to the care and keeping of your petitioner, and for general and equitable relief."

Articles 786 and 787 of the Code of Practice declare that the power of the courts to issue the writ of habeas corpus is to be "exercised in a summary manner, without going through the ordinary forms of action." Article 791 of the Code defines the writ of habeas corpus as an order in writing, issued in the name of the state, by a judge of competent jurisdiction, and directed to a person who has another in his custody, or detains him in confinement, commanding him to bring before the judge the person thus detained, at the time and place appointed, and to state the reasons for which he thus keeps him imprisoned and deprived of liberty.

In the Constitution of Louisiana, the jurisdiction or power to issue the writ of habeas corpus is dealt with as a special authority or prerogative which is not included in the general authority conferred upon the courts to issue all such writs, process, and orders as may be necessary for the exercise of the jurisdiction expressly conferred.

Article 93 of the Constitution declares that the Supreme Court, and each of the justices thereof, shall have power to issue the writ of habeas corpus, at the instance of any person in actual custody, in any case where this court may have appellate jurisdiction.

Article 104 of the Constitution declares that the courts of appeal, and each of the judges thereof, shall have power to issue the writ of habeas corpus, at the instance of any person in actual custody, within the respective circuits of the courts of appeal.

Article 115 of the Constitution, dealing with the district courts throughout the state,

the parish of Orleans excepted, declares that the district judges shall have the power to issue the writ of habeas corpus at the instance of any person in actual custody, in their respective districts.

Article 139 of the Constitution declares that the criminal district court for the parish of Orleans shall have authority to issue writs of habeas corpus in criminal and quasi criminal cases.

It is to be observed that, in each instance in which the power to issue the writ of habeas corpus is conferred upon any particular court, it is done under certain restrictions.

The authority to issue a writ of habeas corpus is not expressly conferred upon the civil district court for the parish of Orleans. Article 133 of the Constitution, after defining the jurisdiction of that court, declares that—

"Said court shall have authority to issue all such writs, process and orders as may be necessary or proper for the purpose of the jurisdiction herein conferred upon it."

But there are two substantial reasons why the authority to issue the writ of habeas corpus cannot be inferred from those general terms. The first reason is that the writ of habeas corpus, technically, is not such a writ as is necessary or proper for the exercise of the jurisdiction expressly conferred upon the civil district court; and the second reason is that the writers of the Constitution made it plain that they did not intend that the general authority, to issue such writs, process, and orders as might be necessary or proper for the exercise of the jurisdiction expressly conferred upon a court, should include the writ of habeas corpus. To illustrate, article 109 of the Constitution, after defining the jurisdiction of the district courts throughout the state, the parish of Orleans excepted, declares:

"And said court shall have authority to issue all such writs, process and orders as may be necessary or proper for the purpose of the jurisdiction herein conferred upon them."

Notwithstanding that general delegation of authority, article 115 does nothing more than the granting of authority to the district judges "to issue the writ of habeas corpus."

Article 139, after authorizing the criminal district court for the parish of Orleans to issue the writ of habeas corpus, in criminal and quasi criminal cases, adds:

"And such other writs and orders as may be necessary or proper in aid of the jurisdiction conferred upon it."

We are not concerned with the reason—or with the question whether there was a reason—why the writers of the Constitution of this state withheld from the civil district court for the parish of Orleans the authority to issue the writ of habeas corpus. It is certain that the writers of the Constitution did not believe or intend that the general authority conferred upon the criminal district court for the parish of Orleans, and upon the district courts outside of the parish of Orleans, to issue such writs, process, and orders as might be necessary or proper in the exercise of the jurisdiction expressly conferred upon those courts, respectively, should include the authority to issue the writ of habeas corpus. Therefore it cannot be inferred that the writers of the Constitution intended that the general authority conferred upon the civil district court for the parish of Orleans to issue such writs, process, and orders as might be necessary or proper in the exercise of the jurisdiction expressly conferred upon that court should include the authority to issue the writ of habeas corpus.

It is certain that article 115 of the Constitution, conferring upon district judges the authority to issue the writ of habeas corpus, does not apply to the judges of the civil district court for the parish of Orleans; for, if it did, it would apply as well to the judges of

the criminal district court for the parish of Orleans. Article 115 is under the title "District Courts." And the first article under that title, article 107, declares that the state shall be divided into not less than 20 nor more than 32 judicial districts, "the parish of Orleans excepted." The articles referring to the civil district court for the parish of Orleans are in another part of the Constitution, under the title "Courts and Officers for the Parish of Orleans and City of New Orleans." The jurisdiction of the civil district court for the parish of Orleans is different, in many respects, from the jurisdiction, even in civil cases, of the district courts of the judicial districts into which the state, outside of the parish of Orleans, is divided. The jurisdiction of the criminal district court for the parish of Orleans, also, is different, in some respects, from the jurisdiction, in criminal cases, of the district courts throughout the other part of the state. Although the civil district court and the criminal district court, for the parish of Orleans, are called district courts, they are not, together or separately, corresponding courts with the district courts of the judicial districts into which the state, "the parish of Orleans excepted," is divided.

Therefore we cannot, under any reasonable interpretation, hold that the writers of the Constitution intended to confer upon the civil district court for the parish of Orleans jurisdiction or authority to issue the writ of habeas corpus, which has a technical meaning and a well-defined purpose. It is a summary process, having the object and purpose of restoring to liberty any person who is illegally held in custody. It is true, the writ is sometimes used for obtaining possession of a person non sui juris, as when a guardian, tutor, or curator demands the custody of his ward, or when a parent demands possession of his or her child, or when a husband demands possession of his wife. But when so used the writ of habeas corpus is only an ancillary process, in aid of the main demand for possession of the person illegally detained. There is no such demand in this case. The only relief prayed for is that the infant be released and restored to liberty, with full power to return to the care and keeping of the petitioner. The petitioner in the case is the state of Louisiana.

It is true, this court has, in several cases, particularly in the case of Prieto v. St. Alphonsus Convent of Mercy, 52 La. Ann. 631, 20 South. 153, 47 L. R. A. 656, recognized the authority of the civil district court for the parish of Orleans to issue the writ of habeas corpus, in aid of the court's jurisdiction in an ordinary suit for possession of a child. But we are not aware of any case in which was presented the question of jurisdiction of the civil district court for the parish of Orleans to issue the summary process of habeas corpus, in the name only of the state, and not in aid of the court's jurisdiction in an ordinary proceeding. Whether the process be called habeas corpus, or by some other name, we have no doubt of the authority of the civil district court for the parish of Orleans to summons, or order produced in court, a person non sui juris, whose custody or possession is in contest in an ordinary suit of which the court has jurisdiction. But the civil district court for the parish of Orleans has not jurisdiction to issue the summary process technically called habeas corpus, in the name only of the state, and not in aid of the court's jurisdiction in an ordinary suit.

The writ of prohibition issued herein is now made perpetual, the plea to the jurisdiction of the civil district court is sustained, and it is ordered that the habeas corpus proceeding in the civil district court be dismissed, at the cost of Robert E. Courtin, respondent herein, reserving his right to proceed via ordinaria for possession of his child.