(87 South. 23)

No. 24147.

## STATE ex rel. GRAY v. BERTUCCI.

(Dec. 8, 1920.)

*(Syllabus by the Court.)*

1. **Habeas corpus** ⬭46 — Civil district court without jurisdiction to interfere with judgment of juvenile court awarding custody of neglected child.

Where the record evidence from the juvenile court (parish of Orleans) shows a judgment finding a child to be "neglected" and, with the consent of both parents, committing it to the care of a named individual, the civil district court is without jurisdiction to interfere by the issuance, upon the application of the mother, of a writ of habeas corpus and an order that the child be restored to her custody.

2. **Infants** ⬭16—Minors; orders and judgments of juvenile court should be susceptible of proof by record.

Though proceedings in the juvenile court may not, in all respects, be governed by the rules applicable to proceedings strictly criminal, its orders and judgments should be susceptible of proof by the record, and not left to the memory of the judge.

Appeal from Civil District Court, Parish of Orleans; Wynne G. Rogers, Judge.

Habeas corpus by the State, on the relation of Mrs. Ethel Amelia Gray, wife of August Villar, against Anthony Bertucci. An exception to the jurisdiction was maintained, and relatrix appeals. Affirmed.

William V. Seeber, of New Orleans, for appellant.

Eugene Stanley, of New Orleans, for appellee.

### Statement of the Case.

MONROE, C. J. It appears in this case that, on July 28, 1913, there was born to the relatrix, Ethel Amelia Gray, a son, "named and christened Anthony Henry Alonzo, the son of Anthony Alonzo, Bertucci"; that on August 4, 1916, the superintendent of the Society for the Prevention of Cruelty to Children made an affidavit in the juvenile court, charging that Ethel Gray (relatrix herein) was the stepsister of a child named Ruby Gray and the mother of Anthony H. Bertucci; that she had left her home and left the two children (under 17 years of age), for three days, with no one to care for them, and that they were without proper guardianship, and improperly exposed and neglected. It further appears that the charge was heard by the court on August 5, 1916, and that, as to the Bertucci child, there was judgment, signed by both parents, as well as the judge, reading:

"Anthony H. Bertucci is placed in charge of Mrs. Pascal Greco, Chestnut street, between Louisiana avenue and Toledano street, by consent of father and mother."

It further appears that about 2 years later the parents again presented themselves to the judge, and requested that the child be transferred to the custody of its paternal grandfather, herein made respondent; and that it was so ordered, though by oversight the order was not placed of record; that thereafter (date not shown) the mother made an informal application to the judge to restore the child to her custody, which was denied, and no formal application to that effect had been made prior to that addressed to the court in this case. The petition herein alleges "that the said child, Anthony Henry Alonzo, bears no relationship to the said Anthony Bertucci," and "that the said Anthony Bertucci is unlawfully detaining and depriving said child of his liberty, and is preventing the said child from returning to his mother," but no attempt was made to support these allegations by evidence, or in any manner to contradict the record, or the testimony of the judge of the juvenile court to the effect that, the respondent being its grandfather, the child was placed in his custody at the request of its parents and by order of the juvenile court, which had previously acquired jurisdiction of and had adjudged it to be a neglected child.

Relatrix having proceeded by invoking the writ of habeas corpus in the civil district

court, respondent excepted to the jurisdiction; and, the exception having been maintained, she prosecutes this appeal.

## Opinion.

[1] Counsel for relatrix relies upon the two propositions: (1) That the records of the juvenile court do not show that the child was transferred from the custody of Mrs. Greco to that of respondent, and that the oral testimony of the judge to that effect was improperly admitted; (2) that relatrix' remedy was to bring a direct action, in the civil district court, to recover possession of the child, and that this is the action.

If the proceedings were strictly criminal, the proper step to have been taken would no doubt have been to have had the minutes of the court amended so as to conform to the truth and show the order for the transfer of the custody of the child, and that step could have been taken only in the juvenile court. And, even though proceedings in that court may not, in all respects, be governed by the rules applicable to proceedings strictly criminal, we are of opinion that its orders and judgments should be susceptible of proof by the record, and not left to the memory of the judge.

If however, all the oral evidence admitted in the case be excluded, that which remains is the record, which shows that the child was committed to the care of Mrs. Greco, and does not show that she has either abandoned or been relieved of her charge, nor does the relatrix so allege in her petition; in fact the petition fails to mention the name of Mrs. Greco, or the judgment committing the child to her care, or the signed consent of the relatrix thereto.

The testimony of the judge to the effect that relatrix had made an informal application to him for the return of the child to her custody, and that he had declined to grant it, was admissible, and the relatrix having offered no evidence to show that the situation had changed in any respect since the rendition of the judgment of August 5, 1916, we find no basis upon which to reverse either that judgment or the judgment subsequently rendered, of which we have no information save through the oral testimony that was the subject of the objection.

[2] 2. In support of the contention that the form of procedure which relatrix has adopted entitles her to have the judgment of the juvenile court reviewed and reversed by the civil district court, or by this court in virtue of the appeal from the ruling of the civil district court, counsel for relatrix cites the case of Brana v. Brana, 139 La. 306, 71 South. 519. But the counsel seems to have misapprehended the ruling in that case, which was the reverse of that for which he contends; as may be seen from No. 3 of the syllabus, which reads:

"The decision of the juvenile court, vested with jurisdiction to determine when a child answers the description of a neglected child given by the Constitution, is not to be challenged except in a direct action brought for that purpose, or in some appellate tribunal; *and hence is not subject to inquiry in the civil district court, but must there be assumed to be well founded.*" (Italics by present writer.)

In the face, therefore, of the record, showing that the juvenile court had found the child in question to be neglected, and had committed it to the charge of Mrs. Greco, and whether the parole evidence showing its transfer to the grandfather, at the request of the parents and by order of the juvenile court, be included or excluded, the judge of the civil district court correctly ruled that that tribunal was without jurisdiction for the purposes of this proceeding.

It may be added that this court has recently held, in a judgment which is not yet final (Courtin v. Browne, No. 24180 of the docket, 87 South. 21[1]), that jurisdiction to issue the writ of habeas corpus has never been confer-

---

[1] Ante, p. 396.

red upon the civil district court, and that it is not a proper writ to be invoked in a civil proceeding involving merely the right, as between different individuals setting up conflicting claims, to the custody of a minor who is not suffering actual duress.

` We find no error in the judgment appealed from, and it is accordingly affirmed.