(91 South. 67)

No. 25004.

In re COURTIN.

COURTIN v. BROWNE et al.

(Jan. 30, 1922.    Rehearing Denied Feb. 27, 1922.)

*(Syllabus by Editorial Staff.)*

1. Habeas corpus ⬗1—Habeas corpus to secure possession of ward by tutor filed as incident to tutorship proceeding.

Under a rule of the civil district court, providing that "suits or proceedings not in their nature original, but growing out of suit or proceedings previously pending, * * * shall not be docketed as separate suits, but shall be treated as part of the original suits out of which they arise," etc., a habeas corpus proceeding by the tutor to secure possession of his ward can be filed as an incident to tutorship proceedings.

2. Jury ⬗19(19)—Application by tutor for possession of ward not triable by jury.

Application by a tutor for habeas corpus for the possession of his ward is not triable by jury.

**3. Habeas corpus ⚖120—Former application, dismissed for want of jurisdiction, not res adjudicata.**

In an application for a writ of habeas corpus, that plaintiff had sued out a similar writ in another court, which had been dismissed for want of jurisdiction, was not res adjudicata of anything in the present matter; the judgment being res adjudicata only of the court's jurisdiction.

In the matter of Robert E. Courtin, praying for confirmation as natural tutor and application by Robert E. Courtin for a writ of habeas corpus against A. Oscar Browne and others. Cases consolidated. Application for writs of prohibition directed to Hugh C. Cage, Judge of Divisional A Civil District Court. Writ denied.

See, also, 149 La. 239, 88 South. 806; 149 La. 476, 89 South. 625.

W. O. Hart and J. D. Hill, both of New Orleans, for plaintiffs in application.

Meyer S. Dreifus, of New Orleans, for plaintiff and respondent.

PROVOSTY, C. J.    [1] Plaintiff, father and duly qualified natural tutor, brought suit in the civil district court for the possession of his infant child in the possession of the defendants, parents of the child's deceased mother.

The prayer of the petition is:

"That there be judgment decreeing your petitioner to be entitled to the permanent care, custody and control of said minor child; and that pending the hearing and final determination thereof a writ of habeas corpus issue, * * * and that after due hearing that said child be instantly released and restored to liberty and placed in the possession of your petitioner, * * *" and "that said writ of habeas corpus be made perpetual."

The suit was filed in the tutorship proceedings, as an incident thereto, under the rule of the civil district court reading:

"Suits or proceedings not in their nature original, but growing out of suits or proceedings previously pending, such as actions of nullity of judgment, or to restrain or regulate the execution of process, mesne or final, in suits previously pending, shall not be docketed as separate suits, but shall be treated as parts of the original suits out of which they arise, and be docketed and numbered as parts of such suits, and follow the allotment or assignment to the respective divisions of the court which shall have been made of the original suits."

Defendants excepted on the ground that this rule was inapplicable, and that the suit should have been regularly allotted.

We do not see why a proceeding by a tutor to secure possession of the person of his ward should not be considered to be an incident of the tutorship proceedings.

[2] Defendant excepted on the further ground that the proceeding by habeas corpus was improper because a suit by a tutor for the possession of the person of his ward should be triable by a jury.

In the case of Prieto v. St. Alphonsus Convent, 52 La. Ann. 631, 27 South. 153, 47 L. R. A. 656, this court held the contrary in the analogous case of parents suing for the possession of their child.

[3] Next, defendants pleaded res judicata, because theretofore the plaintiff had sued out a similar writ in the Court of Appeal, and that that court, on hearing, had dismissed the application for want of jurisdiction.

If that court had not jurisdiction, its judgment so deciding could not possibly be res judicata of anything except its not having jurisdiction; and the question of that court's jurisdiction is not involved in the present matter.

The order nisi herein is therefore recalled at the cost of applicants.