ST. PAUL, J.
These two cases were argued, briefed, and submitted as one; but the issues are somewhat distinct, the first-named case being an application for a habeas corpus, and the last-named being an action to set aside a judgment of emancipation.
Accordingly we will first consider the habeas corpus proceeding, irrespective of the emancipation feature, and afterwards consider this last phase. The connection between the two cases will appear as we proceed.
I.
In the habeas corpus proceedings, the relatrix alleges (and shows) that she is the divorced wife (now remarried) of Peter Martolara, that Annie. Martolara,' a minor, is the issue of her marriage with Martolara, and that the judgment of divorce granted to her (the relatrix) the custody and control of said minor child. She further alleges that said orphan asylum detains said minor against the will and consent of relatrix.
The answer of the asylum to the merits is that said minor is not detained in any way—
“but that said child was placed in said asylum when an infant about‘two years of age, by her father, •whom relator had abandoned. * * * That the young girl is in the asylum, because her father wishes her to remain in the care of the sisters, and because the said girl wishes to remain in said' asylum.”
■ The evidence in the record does not show that the relatrix abandoned her husband. There is evidence showing that relatrix and her husband separated voluntarily many years ago ; but the reasons for this separation *888 do not appear from the record. In other respects the facts are as stated in the return.
As between husband and wife, the decree in the divorce proceedings, awarding the wife the custody and control of the minor child, is of course conclusive, though doubtless subject to modification on a proper showing. And therefore, as long as that decree stands unmodified, it belongs to her and not him to dispose of the person of the minor. His wishes in the matter are therefore of no consequence, since, if they are to prevail, it would be he, and not she, who would have the effective custody and control of said child, and the decree awarding her such custody and control would be mere empty words.
And in Prieto v. St. Alphonsus Convent, 52 La. Ann. 631, 27 South. 153, 47 L. R. A. 656, it was held that a minor, unless emancipated, is—
“without legal capacity to leave the parental domicile permanently, and select for himself another domicile /or residence, without the consent of his parents.”
So that the wishes of the minor are also of no consequence.
The writ of habeas corpus was therefore properly awarded herein, unless there be some other defense thereto, better than the foregoing.
The point was raised in the court below, after judgment for relatrix, and on application for a new trial, that habeas corpus was not the proper remedy for obtaining the custody of children.
This might be disposed of by simply stating that the plea came too late. As it related only to the form of proceeding, it should have been urged before issue joined.
However the plea is wholly without merit. It was elaborately considered in the Prieto Case, supra, and determined adversely to the claims of the respondent. It was there held that to afford shelter to a minor under such circumstances was, in a legal sense, a detention of s.uch minor, and—
“It is the province of the writ of habeas corpus to release such minor from such restraint and restore her to the rightful custody of her parents.”
And the court cited abundant authority therefor. It was shown that from the very year the state was admitted to the Union (1812) this court had entertained such application, citing Bermudez v. Bermudez, 2 Mart. (O. S.) 181; and that it had been held in Hyde v. Jenkins, 6 La. 427, 437, that—
“A tutor "deprived of the custody of his ward, or a husband of the company of his wife, may seek a restoration to their rights by recourse to a writ of habeas corpus.”
The precise point was considered, for the last time in Courtin’s Case, 150 La. 624, 91 South. 67, and the ruling in the Prieto Case was affirmed.
And the cases in which this court has entertained such writs are so numerous as to defy citation. See especially, however, State v. Michel, 105 La. 741, 30 South. 122, 54 L. R. A. 927; Ex parte Ryan, 126 La. 449, 52 South. 573; State v. Tebault, 147 La. 889, 86 South. 320.
State v. Browne, 148 La. 395, 87 South. 21, decides nothing more than that, prior to the Constitution of 1921, the civil district court for the parish of Orleans had no authority to issue (my writ of habeas corpus. This has since been remedied (Const. 1921, art. 7, Sec. 2, pages 35, 36).
This court has therefore decided directly three times that the writ of habeas corpus was a proper remedy for obtaining the custody of a minor child by the person legally entitled thereto (6 La. 427, 437; 52 La. Ann. 631, 150 La. 624); and has allowed the writ in innumerable cases, from the first organization of the state to the present day (2 Martin [O. S.] 181, to 150 La. 624).
And the rule is the same in every state and *889 under every government to .which the writ of habeas corpus is known.
In 29 Corpus Juris, p. 108 (verbo “Habeas Corpus,” § 101), we find the following:
“The writ of habeas corpus was limited originally to cases of restraint under color or claim of law. It has, however, been extended to, and generally made use of, in controversies touching the custody of infants. * * * ” (Italics ours.)
And in support thereof are collected numerous citations, Federal, English and Canadian, as well as from every state in the Union (beginning with Alabama, Arizona, and Arkansas, and ending with Washington, West Virginia, Wisconsin, and Wyoming).
Opposed to these, we find but one citation, to wit, an obiter dictum in State v. Bertucci, 148 La. 408, 407, 87 South. 23.
We are therefore in hopes (perhaps too sanguine) that in view of these authorities this question may now be considered finally settled.
II.
We now come to the only other ground for denying the writ of habeas corpus, to wit, that, since the judgment in this case the minor, Annie Martolar'a, has been duly emancipated and become the mistress of her own conduct, and that hence this action necessarily abates. ,
There are two several emancipations relied upon — one executed by notarial act by the father alone, the other by judgment of the district court rendered with the consent of the father alone. To neither of these has the mother (relatrix) consented at any time, in writing or otherwise.
Now in this state we have emancipation by marriage, which produces different effects according to the age1 .of the person thus emancipated, and is effective regardless of the consent of the .parents; but the minor who marries without the consent of his parents may be disinherited by them. Civil Code, art. 1621, No. 10.
We are not presently concerned with this species of emancipation, but we mention the liability of a child to be disinherited, if he marry without the consent of his parents, merely to direct attention to the fact that our law does not favor the displacing of parental authority without the consent of the parents.
Besides this species of emancipation, there are two others — one conferring only the power of administration, the other relieving the minor of all disabilities as effectively as if he had reached majority.
As to the first, the Civil Code provides:
“Art. 366. The minor, although not married, may be emancipated by his father, or if he has no father, by his mother, when he shall have arrived at the full age of fifteen years. This emancipation takes place by the declaration to that effect of the father or mother, before a notary public in presence of two .witnesses.”
As to the second, the Code provides:
“Art. 385. Whenever a minor, over the age of 18 years, shall desire to be relieved from the time prescribed by law for attaining the age of majority, he shall present a petition to the judge having jurisdiction, wherein he shall set forth the reasons therefor and also the amount of his estate. This petition shall be accompanied by the written assent of the tutor, if there be one, otherwise by that of a special tutor appointed for that purpose. * * * ”
Article 386 provides for the manner and form of the decree of emancipation.
“Art. 387. If any minor, desiring to avail himself of the provisions of the two preceding-articles, has a father or mother living, the consent of the father or mother, or both, shall be necessary to authorize the judge to act; but such consent shall not be necessary if the application be made on the ground of ill treatment, refusal to support, or corrupt examples.”
Now it will be observed that under .C. C. 366, the minor may be emancipated by the father, or, if he has no father, then by the mother. We take this to mean that, when the father emancipates, the mother need not concur. This is in accordance with O *892 O. art. 216, which provides that, “In case of difference between the parents, the authority of the father shall prevail.”
Bht we are clearly of opinion that this prevalence of the father’s authority over that of the mother, applies only whilst father and mother reside together as husband and wife, and not where they have been legally separated or divorced. For in either case the law provides that the children shall be placed wholly in the care of one or-the other of the parents, and no longer be subject to the common authority of both.
It would certainly be an anomaly if the law meant that the husband, although himself deprived of the formal custody and control of the minor, yet retains such effective control of the minor that he can by his sole act still deprive the mother of the actual custody and control given her by law and by decree of court.
And this is especially true in cases of divorce, for in such cases the father against whom the divorce is granted is so far divested of all paternal authority as to forfeit the right even to appoint a tutor to the minor in case ho dies last. O. C. art. 258.
So that we do not think that, after the divorce and the decree awarding the control of the minor to her mother, the father had any right to deprive the latter of that control by emancipating the minor.
We note that Laurent, commenting on the French Code (volume 5, No. 221), holds views different from those we announce. But, however highly we esteem that learned commentator, we are constrained in this case to disagree with him. And of course his opinion cannot bind us.
As to the emancipation before the court under 0. C. art. 387, we think the law contemplates that both parents should consent to such emancipation. If that is not the meaning oi the article then the words “or both” preceding the words “shall be necessary to authorize the judge to act” are mere surplusage. But if we treat these words as surplusage then the consent of either will suffice; and thus we have the further anomaly that the mother’s consent alone will suffice, although in case of difference 'the authority of the father should prevail. 0. C. art. 216.
III.
We readily approve of the doctrine that a minor who applies to the court for emancipation and obtains a judgment of emancipation is thereafter estopped from questioning collaterally (or otherwise) the force and effect of such judgment, as against persons dealing with her on the faith of such emancipation. Jeannet v. Ricker, 10 La. Ann. 66; Dupre v. Dupre, 28 La. Ann. 418; Allison v. Watson, 36 La. Ann. 616.
In Munday v. Kaufman, 48 La. Ann. 592, 19 South. 619, it was held that a defendant could not collaterally attack an emancipation regular in form, under which the plaintiff appeared in court. The reason is obvious; under the authorities just quoted the minor would thereafter be estopped from questioning the validity of the emancipation under which he appeared and conducted the litigation.
In that case, as in this, the custody of the minor had been awarded to the mother, in divorce proceedings; and the father alone had thereafter emancipated him. But it was strongly intimated that, had the mother herself been present, asserting the nullity of such emancipation as to herself, her position might not be without merit.
And we are of opinion that her position would have been altogether sound. As to third persons the act of emancipation,*' or judgment of emancipation creates a status, under which the person emancipated holds himself out as qualified to act, and thus estops himself.
But as to the mother the act of emancipa *893 tion, or judgment of emancipation, does more than this. 'It purports to divest her, without citation and without her consent, of a right given her by law and by judgment of court; a right higher even than any mere property right. And when such an act is opposed to her she may brush it aside as a nullity in that respect.
Moreover, under our system of pleadings, where no replication is allowed, plaintiff may without written pleadings always set up any objection, to any thing set up by way of defense. Therefore, had these emancipations been set up by way of defense in the court below, plaintiff could have urged, without special plea, the nullity and insufficiency of such emancipations as to her.
And certainly she cannot be denied the right to urge such nullity before this court, because the ingenuity of counsel for the respondent has found a way to present this defense only after the case has reached this court on appeal.
IY.
In the matter of the emancipation proceedings, the relatrix filed a direct action to annul the judgment of emancipation, as having been granted without her consent, under the circumstances hereinbefore set forth. The proceedings were filed contradictorily with a curator ad hoc, but should have been brought contradictorily with the minor herself, who had a direct interest in the proceedings and full capacity to stand in judgment therein. Oliver v. Terrall, 152 La. 662, 94 South. 152. However, defendant put in a voluntary appearance, and that cures any irregularity which might otherwise have been.
She filed an exception of no cause of action, which the trial judge sustained. We have already shown, in what' we have said before, that in our opinion said exception is not well founded. And we will therefore reverse the judgment in that case and remand it for further proceeding, to the end that relatrix (plaintiff in that case) may have the emancipation set aside for all purposes.
In the habeas corpus proceedings, the judgment below was for relatrix and that judgment will be affirmed.
Decree.
It is therefore ordered that the judgment appealed from in the matter entitled State ex rel. Mrs. Marguerite Ferrara Billington v. Sacred Heart Orphan Asylum, No. 25693 of our docket, be affirmed. And it is further ordered that the judgment appealed from in the matter entitled Emancipation of Annie ÍVIartolara, No. 26013 of our docket, be reversed, that the exception of ho cause of action therein filed be overruled, and that said cause be remanded to the court a qua for further proceedings according to law.
Rehearing denied by Division B, composed of DAWKINS, LAND, and LECHE, JJ.