(101 Soutň. 211)

No. 26694.

## STATE ex rel. FAZZIO v. TRIOLO et al.

### In re FAZZIO.

(July 8, 1924.)

*(Syllabus by Editorial Staff.)*

1. Habeas corpus ⬖25(2)—Writ properly issues to obtain custody of child.

Writ properly issues at instance of one who claims to be entitled to custody of child to test his right and to obtain possession.

2. Habeas corpus ⬖73,½ — Prompt return contemplated.

Law contemplates prompt return· of writ, and that issue presented be disposed of in summary manner under Code Prac. arts. 813, 819, though reasonable delay may be permitted to attain ends of justice.

3. Courts ⬖50—Court erred in consolidating habeas corpus proceeding with tutorship proceeding.

One division of civil district court erred in transferring habeas corpus proceeding to obtain custody of child to another division to be consolidated with tutorship proceedings filed while habeas corpus proceeding was pending.

Proceeding by the State, on the relation of Domenico E. Fazzio, to obtain writ of habeas corpus commanding Dominick Triolo and another to produce a child. The application was transferred to Division C of the Southern Civil Court to be consolidated with a proceeding for the appointment of a tutor to the child, and the relator petitions for mandamus and prohibition to compel trial of application for habeas corpus. Rule nisi made absolute.

Frank S. Normann, of New Orleans, for relator.

By the WHOLE COURT.

OVERTON, J. Domenico E. Fazzio, the relator herein, was married to Virginia Triolo, the daughter of Dominick and Elizabeth Triolo. Virginia Triolo died in this city on March 23, 1922, leaving a baby·daughter,

Christina Fazzio, as the sole issue of her marriage. Dominick and Elizabeth Triolo, the grandparents of Christina, obtained possession of the child at the death of her mother, and have retained possession of her ever since. In the latter part of 1923 relator demanded possession of the child, but the child's grandparents refused to comply with the demand. Thereupon relator filed in the civil district court for the parish of Orleans a proceeding praying that a writ of habeas corpus issue commanding Dominick and Elizabeth Triolo to produce the child in open court, and that, after due hearing, the child be restored to him. An order was granted by Hon. Porter Parker, judge of division D of the civil district court, ordering that the writ issue as prayed for, returnable before his division, at 10:30 a. m. on December 10, 1923.

The application for the writ of habeas corpus has not yet been tried. Instead, the application has been transferred to division C of the civil district court, to be consolidated with a proceeding pending therein for the appointment of a tutor to the child, instituted by Dominick Triolo, some three months after the filing of the application for a writ of habeas corpus.

Relator felt aggrieved because his application for a writ of habeas corpus had not been tried, and because the application for it had been transferred to division C to be consolidated with the petition of Triolo to be appointed tutor of the child. He therefore petitioned this court for a writ of mandamus to compel the judge of division D to try the application for a writ of habeas corpus, and also for a writ of prohibition to prohibit the consolidation of the habeas corpus proceedings with those of the tutorship.

Relator alleges in his application addressed to this court that eleven continuances have been granted in the proceeding for a writ of habeas corpus during a period of approximately six months. He also alleges that among these eleven continuances ten were granted over his protest. He further sets out that the first one was granted, over his objection, on December 10, 1923, the return day for the writ, upon the statement of counsel for the Triolos that they had not had time to examine into the facts of the case, and therefore requested a continuance to enable them so to do. He represents that the next seven continuances were granted, over his objection, upon the request of the defendants, and the ninth he admits was granted because his own counsel was engaged in another division of the court in the trial of a jury case. The tenth continuance he alleges was granted because the child, whose possession is in controversy, had the measles, and needed the attention of her grandmother. He alleges that he objected to this continuance chiefly because of the number that had already been granted. The eleventh continuance is not properly a continuance, but is rather the transfer of the case to division C of the civil district court upon the suggestion of defendants, to be consolidated with the tutorship proceedings, which was done over the objection of relator on June 2, 1924, four days before this court was petitioned for relief.

This court, after considering the application of relator, ordered a rule nisi to issue, directing the judges of divisions C and D to show cause why the relief prayed for by relator should not be granted. Both judges have filed their answers to the rule, and have forwarded the records in the habeas corpus and in the tutorship proceedings to this court.

The judge of division D, who issued the writ of habeas corpus, avers that the case in which the writ issued was first fixed for trial for December 17, 1923, but was continued for one week on the statement of counsel for defendants that they had not had sufficient time within which to examine into the facts and prepare for the defense of the case; that between that day and February

11, 1924, the case was continued from time to time because of representations made to respondent, which led him to believe that the case would be amicably adjusted; that on February 11, 1924, the case was called for trial; that counsel for the defendants therein then filed exceptions to the application for the writ of habeas corpus, and, we might add, an answer also; that respondent took the exceptions under advisement for one week and then overruled them; that counsel for the defendants then notified respondent of their intention to apply to this court for writs of certiorari and prohibition; that in order to permit defendants to make the application the case was again continued; that on March 17, 1924, it was again continued on account of the absence of respondent from the city; that on March 24, 1920, it was continued on account of illness in the family of one of the attorneys for defendants; that on April 7, 1924, it was continued at the instance of counsel for relator, because he was engaged in the trial of another case in another division of the civil district court; that on April 21, 1924, it was continued on the motion of counsel for defendants on the ground that the baby, the right to whose possession is in controversy, had contracted the measles, and it appeared that it would be at least a month before the baby and her grandmother could leave home and appear in court.

The respondent judge then avers that the foregoing grounds upon which he granted continuances are legal and sufficient. He also avers that the case was again fixed for trial for June 2, 1924, but that on that day counsel for the defendants filed a motion to dismiss it, based upon the ground that there is pending in division C of the civil district court a petition filed by Dominick Triolo, one of the defendants in the habeas corpus proceedings, in which he prays to be appointed tutor to said child, and in which it is charged that relator is a man of notorious-

ly bad conduct, and, moreover, that he has failed to support his said child for over a year, and is not fit to be intrusted with her custody, which charges, it is declared in the motion, are the same as those set out in the answer filed by Triolo and his wife to the petition for a writ of habeas corpus. The motion to dismiss, it is averred, also sets out that the judge of division C has awarded, during the pendency of said application for the appointment of a tutor, the provisional care and custody of said child to Triolo, the applicant for the tutorship. Respondent then avers that, in view of the fact that there is pending in division C of the civil district court such a petition, and in view of the fact that acting under said petition the judge of division C has granted the temporary custody of said child to said Triolo, he is of the opinion that he no longer has jurisdiction of the application for a writ of habeas corpus, and that said application has become merely incidental to the tutorship proceedings; and hence, in passing on said motion to dismiss, instead of dismissing the application for the writ of habeas corpus, he transferred it to division C to be consolidated with the proceedings for the appointment of a tutor.

The judge of division C for answer to the application of relator avers, among other matters, the pendency in his division of the petition for the appointment of a tutor for said child, and sets out fully the charges, which we have heretofore mentioned, preferred therein against relator, touching his alleged unfitness for the custody and tutorship of said child. He also avers that he granted the temporary custody of said child to Triolo, not inadvertently, as alleged by relator, but advisedly, after having been informed by counsel for Triolo of the pendency of the proceedings for a writ of habeas corpus.

Opinion.

[1-3] The writ of habeas corpus properly issues at the instance of one who claims to

be entitled to the custody of a child, to test his right to such custody, and to obtain possession of the minor, if it appear that he is entitled thereto. State ex rel. Billington v. Sacred Heart Orphan Asylum, 154 La. 883, 98 South. 406. The law contemplates a prompt return on the writ, and that the issue presented be disposed of in a summary manner. Code of Practice, arts. 813, 819. Instances may occur, however, when the issue cannot be tried promptly, and in such instances the law, in order to attain the ends of justice, permits a reasonable delay. Ex parte Ryan, 124 La. 356, 50 South. 385. While we are satisfied that our brother to whom was allotted the habeas corpus proceeding did not purposely delay the final disposition of the writ yet it is manifest that, in view of the prompt action contemplated in such matters, the writ should have been disposed of long ago. It is true that instances did occur in which it was proper to grant continuances, but those arose only occasionally during a period of six months or more. We are also of the opinion that our brother erred in transferring the case to division C to be consolidated with the tutorship proceedings. We so think because the application for a writ of habeas corpus was pending, and had been pending, in his division for three months when the tutorship proceedings were filed. Moreover, when the habeas corpus proceedings were instituted, they were not ancillary to any other proceeding, but were proceedings wholly independent of any other. The judge of division D had jurisdiction of the habeas corpus proceedings in the beginning, and should have retained jurisdiction of them. Those proceedings did not become ancillary to those for the tutorship on the filing of the latter.

In holding that the judge of division D erred in transferring the case, we appreciate that it is true that both cases involve the fitness of relator to be intrusted with the custody of the child, and we appreciate that it is true, also, that a conflict of jurisdiction has arisen due to the fact that the judge of division C has signed an order, granting the provisional custody of the child to Triolo, pending the appointment of a tutor, and it may be advisable, and probably is, that the two proceedings be tried by the same judge. However, under the circumstances, the tutorship proceedings should be transferred to division D and not the habeas corpus proceedings to division C, for the former division had jurisdiction of the issue as to whether relator is entitled to the custody of the child before the tutorship proceedings were instituted. We find nothing in conflict between the views here expressed and those stated in the case of Courtin v. Browne, 150 La. 624, 91 South. 67.

For the reasons assigned, it is ordered and decreed that the rule nisi that issued herein be made absolute; that the transfer of said case be set aside; and that the judge of division D proceed to try and determine the issues presented in said habeas corpus proceedings without delay.