141 So. 88

### PRESCOTT v. PRESCOTT.
No. 31000.
March 30, 1932.

A. B. Parker, of Baton Rouge, for appellant.

Martin, Woods & Woods, of Lutcher, for appellee.

BRUNOT, J.

This is an injunction suit. A rule nisi and a restraining order issued as prayed for in the petition. Pending a hearing on the rule nisi, the plaintiff obtained a rule upon the defendant to show cause why she should not be adjudged guilty of contempt of court and be punished accordingly, for violating the restraining order.

The defendant excepted to the petition as not disclosing a cause or right of action, and filed answers to both rules, in which she sets up special defenses and attacks the restraining order as having been improvidently issued. Both rules were heard, the injunction was denied, the restraining order was avoided, the plaintiff was taxed with the costs of the suit, and he appealed from the judgment.

The record discloses that the litigants were married in 1913, and established their matrimonial domicile in Baton Rouge, where they resided for several years. While residing in Baton Rouge the defendant gave birth to two children.

They removed to New Orleans, and about nine months thereafter the plaintiff abandoned his wife and children, returned to Baton Rouge for a short time, and then located in the state of Texas, where he remarried

without first obtaining a divorce from the defendant.

We quote from the transcript, pages 35 and 40, the following excerpts from the plaintiff's testimony:

"Q. You say you separated from your wife in 1920?

"A. Yes, sir.

"Q. What happened to cause that separation?

"A. We didn't seem to be able to get along. I tried to get a divorce several times. She didn't even try to prevent me, but laughed at me. She said I couldn't get a divorce. I went to an attorney in Baton Rouge.

"Q. And you separated?

"A. Yes, sir.

"Q. After you separated where was your home?

"A. Texas.

"Q. Did you ever obtain a divorce in Texas?

"A. Yes, in Houston.

"Q. Mr. Prescott, were you married subsequently?

"A. Yes, I married with the deliberate intention of being sent to the penitentiary.

"Q. What date was that?

"A. I don't know what date it was, and didn't care.

"Q. Was it previous or after the date of this purported divorce?

"A. Previous.

"Q. Why did you contract the second marriage before you had gotten this divorce?

"A. I wanted to be sent to the penitentiary.

"Q. Why did you want to be sent to the penitentiary?

"A. I have been believing that my parents discouraged them to let me get a divorce. I understood I could get a divorce if I could be sent to the penitentiary. If I had been sent to the penitentiary, with proper conduct I could get out within a year or two years. I was a desperate man living with this woman.

"Q. This new woman?

"A. No, sir."

It appears that the plaintiff married Virginia Mostellere within less than a month, after deserting his wife. Thereafter, at a time not fixed, this marriage was dissolved by a decree of divorce. Following this divorce, the plaintiff, by substituted service upon the defendant, in a suit filed in a Texas court, obtained a judgment of absolute divorce dissolving the marriage existing between him and the defendant, but silent as to the disposition or custody of their two minor children.

In 1926, the plaintiff married Silvia Renoke, with whom he is now living as man and wife.

■ As stated, supra, the defendant filed exceptions or no cause and no right of action to this suit. These exceptions are based upon the ground that, in a case between parents, involving the custody or partial custody of their minor children, a proceeding by injunction is not proper.

The plaintiff has adequate remedy at law by a suit for the custody of the children, or by a habeas corpus proceeding. The trial judge did not directly pass upon the exceptions, but defendant's counsel in brief and oral argument urge the merit of the exceptions in this court.

The plaintiff, in this case, prays for a mandatory injunction. Subject only to exceptional circumstances, the general rule is that an injunction will not issue, except in its prohibitory form. This is especially true in suits between the parents, where such personal rights as the mere custody or partial custody of their minor children are involved.

In this case the plaintiff abandoned his wife and children approximately ten years before this suit was filed, and the defendant is not chargeable with any illegal act or the omission of any parental duty. Our predecessors have held that the personal rights of parties cannot be determined by injunction. This is purely an injunction suit, and, in our opinion, the defendant's exceptions should have been sustained. We think the following cases support this conclusion: Broussard v. Cormier, 154 La. 877, 98 So. 403; State ex rel. Billington v. Sacred Heart Orphan Asylum, 154 La. 883, 98 So. 406; Callan v. Com'rs of Fire Department, 45 La. Ann. 673, 12 So. 834.

For the foregoing reasons, it is decreed that the judgment appealed from be avoided, that defendant's exception of no cause of action is maintained, and this suit dismissed at appellant's cost.

O'NIELL, C. J., concurs in the result.