CULPEPPER, Judge.
On March 17, 1964, the Honorable Guy E. Efumphries, Jr., sitting as juvenile judge of the juvenile court for the Parish of Rapides, State of Louisiana, rendered judgment finding Timothy Paul, a minor, born March 3, 1964, to be in a state of neglect while in the custody of his mother “who is a mentally ill person who cannot be held responsible for his welfare.” Said judgment awarded custody of the minor to the Department of Public Welfare for foster care.
On April 10, 1964, Mildred Paul, the mother of the child, filed in the Ninth Judicial District Court for the Parish of Rapides a rule against the Department of Public Welfare and Carl Smith, chief probation officer of the juvenile court of Rapides Parish, to show cause on the 17th day of April, 1964, “ *' * * why the temporary order with regard to the custody of the petitioner’s child, the Paul infant described in this petition, should not be rescinded and why the petitioner should not be granted the custody, care and control of her child and that said writ of habeas corpus be granted and be made absolute; * * *»
The respondent filed an answer to the writ of habeas corpus stating that it had custody of the child, under authority of the above described judgment of the Rapides Parish Juvenile Court, of date, March 17, 1964. Respondent also filed an exception to the jurisdiction of the Ninth Judicial District Court on the grounds that the juvenile court for the Parish of Rapides had already obtained exclusive original jurisdiction over said infant, by reason of its judgment dated March 17, 1964 declaring the child to be neglected, and that such jurisdiction continues. The Honorable Guy E. Humphries, Jr., acting as judge of the Ninth Judicial District Court, sustained this exception to the jurisdiction of the court and dismissed the petition for a writ of habeas corpus. Relatrix then obtained from this court a writ of certiorari to review the judgment of the Ninth Judicial District Court
*9 After considering the entire record and the briefs filed by counsel for relatrix and respondents, we are now convinced that the district judge correctly held the Ninth Judicial District Court was without jurisdiction to determine the custody issue presented, because the juvenile court had already properly acquired and continued to maintain exclusive jurisdiction of this child which it found to he in a state of neglect. This is clearly supported by the constitutional and statutory provisions, the jurisprudence, and practical considerations relating to the orderly administration of our court system.
Article 7, Section 52 of our Constitution, LSA, creates separate Juvenile Courts for the various parishes, etc. In State v. Laborde, 233 La. 556, 97 So.2d 393 (1957) our Supreme Court held squarely that the juvenile court is an entirely separate court with separate jurisdiction from the criminal (or civil) district court, even though the district judge also serve as ex-officio juvenile judge.
Let us next consider the statutory provisions. In delineating the jurisdiction of juvenile courts our legislature has provided as follows:
R.S. “§ 13:1570. Jurisdiction
“Except as otherwise provided herein, the court shall have exclusive original jurisdiction in proceedings:
“A. Concerning any child whose domicile is within the parish or who is found within the parish:
“(1) Whose parents or other person legally responsible for the care and support of such child neglects or refuses, when able to do so, to provide proper or necessary support, education as required by law, or medical, surgical or other care necessary for his well-being; or who is abandoned by his parent or other custodian; or who is otherwise without proper care, custody, or support. * * * ”
LSA-R.S. 13:1572 provides that “When jurisdiction shall have been obtained by the court (meaning the juvenile court) in the case of any child as provided in R.S. 13:-1570 (which includes neglected and delinquent children), or in the case of any person under twenty-one years of age as provided in R.S. 13:1571 (pertaining to the transfer of cases from criminal courts), such child or such person under twenty-one years of age shall continue under the jurisdiction of the court until he becomes twenty-one years of age unless discharged prior thereto by the court.”
Clearly the statutory scheme is that once the juvenile court has obtained jurisdiction of a neglected child, the district court cannot interfere by means of a writ of habeas corpus. We agree with the statement found in 22 Tulane Law Review 323-324 as follows:
“Since their creation the juvenile courts have had jurisdiction to determine the custody of ‘neglected’ and ‘delinquent’ children. La.Const. of 1913, Art. 118, Sect. 3; La.Const. of 1921, Art. 7, Sect. 52. Because the well being of the child is involved in such cases, unfettered power in this special tribunal is necessary in order to permit prompt and effective judicial action. Therefore, it is established that where a child is charged with being neglected or delinquent the district courts cannot interfere, by means of the writ of habeas corpus, with the jurisdiction of the juvenile court in awarding custody. State ex rel. Gray v. Bertucci, 148 La. 403, 87 So. 23 (1920); In re Goldman, 152 La. 647, 94 So. 147 (1922); State ex rel. Graham v. Graham, 173 La. 469, 137 So. 855 (1931); State v. Tomasella, 200 La. 60, 7 So.2d 615 (1942).”
*10 Relatrix argues that the following paragraph from LSA-R.S. 13:1570 gives the district court jurisdiction:
“Nothing contained in R.S. 13:1561 through 13:1592 shall deprive other courts of the right to determine the custody of children upon writs of habeas corpus, or to determine the custody of children when such custody is incidental to the determination of cases pending in such other courts.”
The purpose of the above quoted last paragraph of LSA-R.S. 13:1570 is to reserve to district courts jurisdiction of all custody cases not within the exclusive jurisdiction of the juvenile court. Thus the district court has jurisdiction in custody disputes between parents, grandparents, orphanages, and other third persons, as well as in divorce cases where custody is an incidental issue. But, if the juvenile court has already obtained and still maintains exclusive jurisdiction over the child, the district court cannot interfere. State ex rel. Fazzio v. Triolo, 156 La. 824, 101 So. 211; State ex rel. Billington v. Sacred Heart Orphanage Asylum, 154 La. 883, 98 So. 406; State ex rel. Herbert v. Renaud, 157 La. 776, 103 So. 101; State ex rel. Simpson v. Salter, 211 La. 918, 31 So.2d 163.
Relatrix also relies on certain language in State ex rel. Simpson v. Salter, 211 La. 918, 31 So.2d 163 (La.Sup.Ct.1947) in which the juvenile court had acquired jurisdiction of a child in an adoption proceedings. Later the mother was granted a writ of habeas corpus in the civil district court. However, we think that in the later case of State ex rel. Terry v. Nugent, 212 La. 382, 31 So.2d 834, the Supreme Court fully explained that in State ex rel. Simpson v. Salter, supra, the juvenile court had lost jurisdiction by the time the district court considered the writ of habeas corpus. In State ex rel. Terry v. Nugent the court stated regarding its decision in State ex rel. Simpson v. Salter as follows:
“We sustained her right to do so on the theory that, since she had not surrendered the child in accordance with Act No. 91 of 1942, the adoption proceedings in the Juvenile Court became ineffectual without her consent. In other words, whereas the Juvenile Court acquired jurisdiction at the time the petition for adoption was filed, such jurisdiction was completely divested by the refusal of the mother to give her consent to the adoption of the child and a writ of habeas corpus in the district court for the recovery of the child was the proper remedy under the circumstances.
“The difference between the Simpson case and the instant one is apparent. There, although the jurisdiction of the Juvenile Court attached, it was subsequently divested by the refusal of the mother to give her consent to the adoption proceedings, or rather, the withdrawal by her of the consent previously given. Here, the mother is not in anywise involved. The issue is solely between a state agency and the persons having actual possession of the infant. Therefore, since the jurisdiction of the Juvenile Court was previously acquired and had not been relinquished, the attempt of the Commissioner of Public Welfare to divest that court of jurisdiction (respecting its right to determine where and in whose care the child should be placed as an incident to the adoption case) by application to the First Judicial District Court for a writ of habeas corpus was and is ineffective.”
The next argument by relatrix is that she was not given proper notice of the proceedings in juvenile court, nor informed of the nature of the proceedings, nor allowed to obtain witnesses. Relatrix contends the entire proceedings in the juvenile court was therefore “ * * * fully unconstitutional and without due process of law; and that a full hearing should” “be had in the Ninth Judicial District Court. * * *.”
*11 The facts show that the child was born on March 3, 1964 and that the proceedings to have the child declared to be in a state of neglect were filed in the juvenile court on March 11, 1964. Relatrix was properly-cited and served and personally appeared at the hearing in the juvenile court on March 17, 1964 without any objection whatever. We think the argument of re-latrix is answered in the case of In re Tillotson, 225 La. 573, 73 So.2d 466 involving a commitment by a juvenile court to an institution. It was contended that the summons issued to the parents of the delinquent girl did not sufficiently state the facts upon which the proceedings were based. The court held as follows:
“There is no merit in these contentions. The parents of the child, in response to the summons, appeared before the court without objection on their part Consequently, counsel is not in a position to complain, even if it be conceded that the contents of the summons did not literally comply with the requirements of LSA-R.S. 13:1575 or that its service was not made by an officer of a court, as prescribed by LSA-R.S. 13:1576.”
Thus, in the present case the personal appearance of relatrix at the juvenile court hearing, without objection, waived any deficiency in service or citation.
Furthermore, it must be remembered that relatrix is not without her remedy. If she thinks she was aggrieved by the temporary order of the juvenile court, she is free to file proceedings in the juvenile court to have the custody order set aside, modified or corrected. Furthermore, she is free to seek to have this court of appeal exercise either its appellate. or supervisory jurisdiction over the juvenile court. But, we do not think that after the juvenile court had obtained and still maintained jurisdiction over this neglected child, the relatrix can, in effect, seek a review of the juvenile court judgment through a writ of habeas corpus directed to the district court. The orderly administration of our court system clearly cannot permit such a procedure. r
For the reasons assigned, the writ of certiorari herein issued is recalled and set aside and the judgment of the district court is affirmed.
Writ of certiorari recalled and judgment affirmed.