HALL, Judge.
After a judgment of emancipation was rendered and the emancipated minor filed a damage suit, the district court, upon being presented with a motion by the plaintiff in the damage suit to proceed in forma pau-peris, determined that the emancipation had been sought solely for the purpose of avoiding court costs in the damage suit and, ex parte and without a hearing, (1) rendered an order revoking the judgment of emancipation; (2) rendered an order directing the tutor or legal representative of the minor to substitute himself as party plaintiff in the damage suit; and (3) denied the motion to proceed in forma pauperis. The emancipated minor perfected suspensive appeals in both proceedings.
There is no authority in the law for a district court to revoke a judgment of emancipation on its own motion, ex parte, and without contradictory proceedings. An action to annul a judgment of emancipation must be brought directly against the emancipated minor. An emancipation judgment may not be attacked collaterally. State ex rel Billington v. Sacred Heart Orphan Asylum, 154 La. 883, 98 So. 406 (1923); Munday v. Kaufman, 48 La.Ann. 591, 19 So. 619 (1896).
The order revoking the emancipation judgment must be reversed and set aside, and it follows that the other orders based on that order must also be set aside.
Accordingly, the . order revoking the emancipation judgment, the order directing the tutor or legal representative of the minor to substitute himself as party plaintiff, and the order denying the motion to proceed in forma pauperis, are reversed and set aside. The actions are remanded to the district court for further proceedings in accordance with law.
Reversed and remanded.