MONROE, J.
Defendant having been charged, by affidávit, with having, willfully and unlawfully, permitted certain minors to “perform” on the stage of the Winter Garden Theater, and having been convicted and sentenced, presents his ease to this court by means of five bills of exception, which, in effect, bring up for decision two propositions of law, as follows: He excepted to the overruling of a motion (called “demurrer”) to dismiss the affidavit, as setting forth no offense against the law of this state, and he, subsequently, excepted, on the same ground, to the overruling of his objection to the introduction of testimony, and of a motion to strike out testimony which had been admitted, in support of the affidavit; the basis of the motions and objections being that, whereas the law (Act No. 301 of 1908) makes it an offense to permit a minor, under the age of 14 years, to “labor or work” in a theater, the affidavit charges the defendant with having permitted such minors to “perform” on the stage of a theater. Another exception was taken to the overruling of a motion in arrest of judgment, in which, defendant alleges, inter alia, “that it is nowhere charged that the children, who were permitted to perform and play in the Winter Garden Theater were either ‘delinquent’ or ‘neglected’ children,” and hence that the juvenile court was without jurisdiction in the premises. As we find the bill last mentioned determinative of the case here presented, we shall devote our attention to its consideration, to the exclusion of the others.
Act No. 83 of 1908 is entitled:
, “An act regulating the care, treatment and control of neglected and delinquent children, seventeen years of age and under, and providing for the trial of adults charged with the violation of laws for the protection of the physical, moral and mental well-being of children. * * * ”
Section 9 of the act provides:
“That the juvehile court * * * shall have jurisdiction of all neglected and delinquent children, and of all persons charged with contributing to the neglect or delinquency of such children, or with a violation of any law now in existence or hereafter enacted for the protection of the physical, moral and mental well being of such children, not punishable by death or at hard labor, and of all cases of desertion or non support of children, by either parent.” (Italics by the court.)
It will be seen from the foregoing that the text of the statute is not as broad, in some respects, as the title, since the title describes an act “providing for the trial of adults charged with the violation of laws for the protection of the physical, moral and mental well-being of children,” whilst the text confers jurisdiction only for the *1083 trial -of “neglected and delinquent children and persons charged with contributing to the neglect or delinquency of such children, or with a violation of any law * * * enacted for the protection of * * * such children.’’ (Italics by the court.) The jurisdiction of the court is, therefore, confined to matters and offenses relating to “neglected and delinquent” children, and does not extend to offenses against, or which concern, children who are neither neglected nor delinquent. And, apparently, to clinch the matter, the statute quoted, in the paragraphs (of section 9) immediately following that which confers the jurisdiction, defines the terms “neglected” and “delinquent” as follows:
“The term ‘neglected’ child shall mean any child, seventeen years of age and under, found destitute or dependent on the public for support or without proper guardianship, or whose home, by reason of the neglect, cruelty or depravity, or indigence, of its parents, guardians or other persons, is ■ an unfit place for such child, or having a single surviving parent undergoing punishment for crime, or found wandering about the streets, at night, without being on any lawful business.
“The term ‘delinquent’ child shall mean any child, seventeen' years of age and under, not now or hereafter inmates of a state institution, found begging or receiving alms, or being in any street, road, or public place for the purpose of begging or receiving alms, or peddling any articles, or singing or playing on any musical instrument, in any street, road, or public place, for alms, or accompanying any person so engaged; or found living in any house of prostitution, or with any vicious or disreputable person, or frequenting the com-, pany of reputed criminals, or prostitutes, or visiting any saloon or place of entertainment where spirituous liquors or wines or intoxicating or malt liquors are sold, exchanged or given away; or found in any policy shop, pool room, bucket shop, race track, or where any gambling game or gambling 'devices is operated ; or found habitually wandering around any railroad tracks 'or yards, or jumping, or attempting- to jump, on any moving train or street car, for the purpose of stealing a ride, or entering any car or engine without any lawful authority; or found to be incorrigible or habitually using vile, obscene, or indecent language, or guilty of immoral conduct in public places or around school houses, or growing up in idleness and crime; or, who, without the consent of parents- or guardians or custodians, absents itself from its home or place_ of abode, or runs away from any state institution of charity to which it may be confined, or violates any law of the state or any ordinance of any village, town, city or parish of the state.”
Act No. 301 of 1908, § 1, provides:
“That * * * it shall be unlawful for any person * * * to require or permit * * * any child, under the age of 14 years, to labor or work in any mill, factory, mine, packing house, manufacturing establishment, workshop, laundry, millinery or dress making store or mercantile establishment in which more than five persons are employed, or in any theatre, concert hall, or in or about any place of amusement where intoxicating liquors are made or sold. * * * Any violation of this provision shall be punishable by a fine of not l'ess than $25 or more than $50 or by imprisonment,” etc.
The statute thus quoted applies to children, generally under the age of 14 years, and, if the defendant had been prosecuted, in a court of general criminal jurisdiction, for permitting a minor to labor or work in his theater, it is evident that an affidavit which failed to state that such minor was under the age of 14 years would have charged no offense. As it is, the state has gone into a court, the jurisdiction of which is strictly limited to matters and offenses concerning and against “neglected and delinquent children,” and has prosecuted defendant under an affidavit which sets forth that he “did * * * willfully and unlawfully permit one Sam Bonart, a minor child aged 13 years, one Alice Guevin, a minor child, aged 12 years, * * * to perform on the stage of the Winter Garden Theater,” but which does not set forth that the children so permitted to perform are either neglected or delinquent, within the meaning of Act No. S3 of 1908. For aught that appears, therefore, they are neither neglected nor delinquent children, within the meaning of the act, and hence, for aught that appears, the juvenile court was without jurisdiction of the charge preferred by the affidavit, since that court is vested by the law of its crea *1085 tion with no other than the authority to deal with matters concerning, and offenses against, neglected and delinquent children, and no children are neglected or delinquent, for the purposes of its jurisdiction, save those who fall within the classification established by the law which confers the jurisdiction.
“The record of the court of limited jurisdiction must show, affirmatively, such facts as confer jurisdiction, and, generally, no presumption is indulged in favor thereof.” Cyc. vol. 12, p. 228.
“The objection that a court has no jurisdiction of the subject-matter is not waived by plea, or going to trial, and may be raised on motion in arrest of judgment, on appeal, or by petition for writ of habeas corpus.” Id., p. 229.
Indictments, under statutes, must set forth with certainty all the facts and circumstances essential to constitute the crime, so as to bring the accused within the provisions of the statute. If any one of the ingredients of which the offense is composed be omitted, or misstated, it is ground for a motion in arrest of judgment. State v. Stiles, 5 La. Ann. 324; State v. Read, 6 La. Ann. 227; State v. Sheppard, 33 La. Ann. 1217; State v. Delerno, 11 La. Ann. 648; State v. Palmer, 32 La. Ann. 565.
Conceding, for the purpose of the argument, that defendant is charged with an offense under Act No. 301 of 1908, nevertheless, not having been charged with any offense cognizable in the court by which he was convicted, his position, quoad the question to be here decided, is the same as though he had been charged with no offense at all. We may say in conclusion that the question here decided has not heretofore been considered.
For the reasons thus assigned, it is' ordered, adjudged, and decreed that the judgment of conviction herein rendered be annulled and avoided, and the sentence thereon arrested.