SOMMERVILLE, J.
Defendant was charged in the Juvenile Court for the parish of Orleans, with failure to support Ms minor child, a daughter over 17 years of age, where he was convicted and sentenced.
Defendant filed a plea to the jurisdiction of the Juvenile Court, alleging that Ms daughter was over 18 years of age, and asked that the affidavit against him be dismissed. The *577 plea to the jurisdiction was overruled, and defendant has appealed.
Act No. 34 of 1902, p. 42, makes it a misdemeanor to desert or willfully neglect and provide for the support and maintenance by any person of his wife or minor children in destitute or necessitous circumstances; and the minor children here referred to are those under 21 years of age.
The Juvenile Court for the parish of Orleans was created by Act No. 83 of 1908, p. 96. It was given jurisdiction, in section 9:
“Of the trial of all neglected and delinquent children, and of all persons charged with contributing to the neglect or delinquency of such children, or with the violation of any law now in existence or hereafter enacted for the protection of the physical, moral and mental well being of such children; not punishable by death or at hard labor and of all cases of desertion or nonsupport of children by either parent.”
The act further defines what are “neglected” and “delinquent” children, over which the Juvenile Court has jurisdiction. But the section just quoted from not only gives jurisdiction to the Juvenile Court over “neglected” and “delinquent” children, but also:
“Of all cases of desertion or nonsupport of children by either parent.”
The Juvenile Court had, therefore, jurisdiction over this case.
Act 83 of 1908, p. 96, was by concurrent resolution and vote of the people made a part of the Constitution of the state. Act No. 245 of 1908, p. 364. Act No. 83 of 1908 was subsequently amended by Act No. 48 of 1910, p. 72, which act, in turn, became a part of the Constitution by virtue of Act No. 135 of 1910, p. 211; but the jurisdiction of the Juvenile Court was not in any way restricted in this last act. In section 3 of that act it is provided that:
“Said court shall also have jurisdiction of all cases of desertion or nonsupport of children by either parent.”
In the case of State v. Rose, 125 La. 1080, 52 South. 165, the question under consideration was as to the validity of the affidavit charging defendant with employing a “delinquent” child under 14 years of age on the stage of a theater. We there hold that the indictment against Rose was insufficient, and that he had not been charged with any offense cognizable in the juvenile courts of the state, in one of which he had been convicted. The desertion or nonsupport of a child was not involved.
Judgment affirmed.