(94 South. 147)

No. 25413.

## BUFFINGTON v. GOLDMAN.

## In re GOLDMAN.

(Oct. 30, 1922.)

*(Syllabus by the Court.)*

Infants ⬯18—Minors; juvenile court has exclusive jurisdiction to determine when child dependent or neglected; jurisdiction of juvenile court cannot be affected by ruling in divorce proceeding.

The juvenile court for the parish of Orleans is vested with exclusive jurisdiction to determine in a proceeding by the state when a child is delinquent or neglected; and that jurisdiction cannot be affected by any ruling of a district court in a divorce proceeding, awarding the custody of the child to one of the parents.

Suit by Mrs. Crisso Eleanor Buffington against Walter Goldman, her husband. Defendant's objection to the court's jurisdiction of a rule to show cause was overruled, and defendant applies for writs of certiorari and prohibition. Preliminary writs made peremptory.

Bertrand I. Cahn, of New Orleans, for relator.

Jos. F. Peyrounin and J. Alonzo Woodville, both of New Orleans, for respondents.

By the WHOLE COURT.

ST. PAUL, J. Plaintiff obtained judgment of divorce against defendant in the civil district court for the parish of Orleans. She was awarded the custody of their minor child, James Buffington Goldman, and alimony of $40 per month "for the support of the said minor child."

Thereafter plaintiff ruled defendant into the civil district court to show cause why he should not pay said alimony.

Prior to the taking of said rule, the juvenile court for the parish of Orleans, at the suit of the state (though at the suggestion of defendant) had assumed jurisdiction over said minor, had adjudged him a delinquent (neglected) child, and had awarded the custody of said child to a third person to whom defendant was ordered to pay $40 per month for his support.

When the rule before the civil district court was taken up, defendant objected to any further proceeding therein on the ground that said court had been divested of jurisdiction over said child by the action of the juvenile court. But the district judge maintained his own jurisdiction, and the defendant thereupon applied to this court for writs of certiorari and prohibition.

I.

In State v. McCloskey, 136 La. 739, 67 South. 813, this court held that the jurisdiction of the district court, in a divorce proceeding, "was confined to controversies between the parents over the custody of the

child," which jurisdiction did not exclude that of the juvenile court to inquire, in a proceeding by the state, whether or not such child was delinquent (neglected) within the meaning of the statute establishing the juvenile court.

In Brana v. Brana, 139 La. 305, 71 South. 519, this court held that—

"The decision of the juvenile court, vested with jurisdiction to determine when a child answers the description of a neglected child, * * * is not to be challenged except in a direct action brought for that purpose, or in some appellate tribunal; and hence is not subject to inquiry in the civil district court, but must there be assumed to be well founded. * * * And if the civil district court, having civil jurisdiction of a suit for separation from bed and board, had awarded the child to the mother, there was nothing to prevent the juvenile court from finding that the child was neglected and from taking it away from the parent who was neglecting it, or from both parents. * * *"

### II.

The logic of these two decisions is so manifest as to speak for itself, and the holding thereof is exactly applicable to the case before us.

### Decree.

It is therefore ordered that the preliminary writs herein issued be now made peremptory.