LAND, J.
 

 After the death of his wife m the year 1918, relator placed his three minor children in the custody of respondent, their maternal grandmother. During the years 1921, 1922, and 1923, informations were filed against relator' in the juvenile court of the parish of Orleans', charging him with desertion and nonsupport of his children. Orders were rendered in each of these cases condemning relator ,to pay a weekly alimony for the support of these children, and declaring that they should remain under the control of respondent.
 

 In the year 1923, relator remarried. Alleging his ability to care for his children and his moral fitness, relator instituted on September 25; 1924, the present habeas corpus proceeding in the civil district court of the parish of Orleans against respondent, to enforce his right as father to the custody of the children. Respondent filed an exception to the jurisdiction of that court, based upon the orders rendered in the former prosecutions against relator in the juvenile court of said parish, the contention of respondent being that such orders are final judgments, awarding her the custody and control of the children.
 

 This court has repeatedly recognized the paramount right of the father to the custody of his minor children, unless it is proven that he is disqualified by unfitness to have such care and control, and this right of the father, in controversies between the spouses, among themselves, or with third persons, has been uniformly enforced through writ of habeas corpus issued by the district courts of the state. The jurisdiction of district courts
 
 *779
 
 in such eases cannot, therefore, be seriously questioned, unless there is some conflict with the jurisdiction of a juvenile court. State ex rel. Shutt v. Shutt, 152 La. 218, 92 So. 865; State ex rel. Lasserre v. Michel et al., 105 La. 745, 30 So. 122, 54 L. R. A. 927; Ex parte Lincoln, 128 La. 278, 54 So. 818; Heitkamp v. Ragan et al., 142 La. 81, 76 So. 247.
 

 The proceeding in a district court by a father to enforce his right to the care, custody, and control of his minor children, through a writ of habeas corpus, is purely a civil proceeding between private individuals', to which the state is a party only in a nominal sense.
 

 Where the state, however, initiates a proceeding in a juvenile court by affidavit charging the juvenile with being a delinquent or neglected child, or by information charging a parent with contributing to the neglect of such child, the proceeding partakes of a quasi criminal character, with the state as the actual complainant. In such cases, the jurisdiction of a juvenile court is made exclusive by the present Constitution. Section 02, art. 7, Const. 1921.
 

 It has been held therefore by this court that the decision of a juvenile court, vested with jurisdiction to determine when a child answers to the description of a neglected child, cannot be challenged except in a direct action brought for that purpose, or in some appellate tribunal, and hence cannot be inquired into in the district court. Brana v. Brana, 139 La. 305, 71 So. 51; Buffington v. Goldman, 152 La. 647, 94 So. 147.
 

 The reeord discloses that no proceeding whatever has been brought by the state of Louisiana in the juvenile court of the parish of Orleans to have the minor children of relator declared to be neglected or delinquent children, or to remove these children from the custody of relator as their father for any alleged neglect.
 

 The proceedings instituted by the state in that court have been prosecutions solely against relator, by informations filed under Act 34 of 1902, charging him with desertion and nonsupport of his minor children, while in necessitous and destitute circumstances. The offenses charged against relator are cognizable in the juvenile court of the parish of Orleans solely for the reason that the Constitution has vested that court with jurisdiction “in all cases of desertion or nonsupport of children by either parent.”
 

 These informations, however, do not clothe the juvenile court of the parish of Orleans with jurisdiction over the minor children of relator, as these proceedings have not been filed by the state against these children and do not charge that these children are juveniles, 17 years of age or under, and are neglected or delinquent children. The juvenile court of the parish of Orleans being a court of limited jurisdiction, the facts necessary to confer jurisdiction upon said court as to the children of relator as juveniles must be set forth in the affidavit or information.
 

 The mere charging of a parent or other person with an offense in respect to any child may be sufficient to vest the juvenile court of the parish of Orleans with jurisdiction to try such parent or other person. State v. Rose, 125 La. 10S0, 52 So. 165. Such charge, however, does not clothe said court with jurisdiction to declare a child-to be a neglected or delinquent child, and to award the custody of such child, in the absence of an affidavit complying with section 5 of Act 126 of 1921, providing for proceedings in the juvenile court for the parish of Orleans. Under said section, when a child is charged with being neglected or delinquent, the child must be alleged to be 17 years of age or under, and the affidavit or information must briefly set forth in general terms the facts constituting said neglect or delinquency.
 

 The informations filed against relator
 
 *781
 
 in these cases merely follow the language of Act 34 of 1902, in declaring that the minor children of relator are in necessitous and destitute circumstances. As the juvenile court for the parish of Orleans has jurisdiction over minor children only when they are neglected or delinquent children 17 years of age or under, the mere allegation in such informations that these children are minor children in necessitous and destitute circumstances, does not confer jurisdiction upon the juvenile court of the parish of Orleans to award the custody of those children to any one. A minor child may be over the age of 17 years, and for this very reason could not be a juvenile subject to the jurisdiction of said court.
 

 It is therefore clear that while the orders-of the juvenile court of the parish of Orleans, in the prosecutions of relator for nonsupport, are valid in so far as they condemn relator to pay a weekly alimony for the support of these children, such orders are invalid, null, and void for want of jurisdiction, to the extent that they declare that these children should remain under the control of respondent. These prosecutions were not for the purpose of divesting relator of the custody of these children because of any act of neglect upon his part, nor to declare these children neglected or delinquent, but merely to compel relator to contribute to the support of his minor children.
 

 It was not necessary, therefore, for relator to attack and set aside these orders or judgments in a direct action, or to have appealed from the same, before he could assert his right as father to the custody of these children against respondent in a habeas corpus proceeding in the civil district court of the parish of Orleans.
 

 The judgment appealed from is therefore annulled and reversed, and it is now ordered that this case be remanded to the civil district court of the parish of Orleans and be reinstated on the docket of section “D” of said court, to be proceeded with in due course and according to law. Respondent to pay costs of appeal.