THOMPSON, J.
 

 This is a proceeding to take away from the father two children, a girl two years old and a boy one year old, and to place them in some institution or with some private family where they may receive proper care, attention, and education.
 

 The proceeding was initiated by an affidavit made jointly by W. E. Kelley and Mrs. O. L. Dawson, and on this affidavit the judge issued an order to the father to show cause why the two children should not be taken from his possession, custody, and control permanently and placed in the care, custody, and control of some institution or private family.
 

 The defendant in rule appeared and excepted to the jurisdiction of the court on the ground that the facts set out in the affidavit did not show that the children were neglected or delinquent within the meaning of Act 83 of 1921 creating the juvenile court. Following this exception the defendant answered alleging that he had not contributed to the delinquency or neglect of his children; that he is a hard-working man, devoted to his children, and, while he is a poor man, he can and will t-ake care of his children and educate them.
 

 The plea to the jurisdiction was overruled, and, after a. trial on the issues joined, the court ordered that the girl be committed to the care, custody, and control of O. L. Dawson and his wife, and that the boy be committed to the control, care, and custody of W. E. Kelley and his wife; the said minors to remain in keeping of the respective parties indefinitely, subject to the further orders of the court.
 

 The Constitution of 1921 provided that in parishes other than Orleans the judge of the district court shall be ex-officio judge of the juvenile court in the parish or parishes located in his district.
 

 It was provided that the said courts shall have jurisdiction of the. trial of all children under seventeen years of age. who may.be charged in said courts as neglected or delinquent children, and of all persons charged with contributing to such neglect or delinquency, and of all cases of desertion or nonsupport of children by either parent.
 

 The Legislature was directed at its next session to prescribe the method of procedure in said courts, which may be by affidavit instead of by indictment or information.
 

 
 *260
 
 It was further provided by the Constitution that appeals from the said courts shall be allowed upon matters of law only, and shall be to the Supreme Court.
 

 In obedience to the constitutional mandate, the Legislature of 1921 passed Act No. 83, approved November 18, 1921, creating juvenile courts throughout the state, except in the parishes of Orleans and Caddo, and defining their jurisdiction. The act followed the Constitution in the matter of jurisdiction, and provided that all proceedings in said courts against adults shall be by affidavit, information, or indictment.
 

 As the children in this case are not charged as being delinquent, and as the father is not charged with contributing to their delinquency, we shall not refer to that portion of the statute which defines the meaning of that term.
 

 In section 6 of the act the term “neglected” child is defined to be any child seventeen years of age and under found destitute, or' dependent on the public for support, or without proper guardianship, or whose home, by reason of the neglect, cruelty, depravity, or indigence of its parents, guardians, or other persons, is an unfit place for such child, etc.
 

 [■1] It appears clear from the language of the statute that the juvenile courts are given jurisdiction to inquire into the facts presented in a charge before them as to whether a child under the given age is a “neglected” child within the meaning of the statute and also jurisdiction of all persons who may be charged with contributing to such neglect or who may be charged with desertion or nonsupport of their children.
 

 The question recurs, therefore, whether the facts set forth in the affidavit are sufficient to bring the children and their father within the purview of the statute.
 

 It appears from the affidavit that the mother of the children died at “The Pines,” a hospital located at Shreveport on December 8, 1929, and the affidavit under consideration was made on the second day after the mother’s death. In this affidavit it is specifically stated that Eber Owen, the father of the two children, is not able financially or otherwise to take care of and give the said two minor children the care and attention which they should have and are entitled to, and that he is actually and in fact neglecting the children in many ways; that he does not provide them proper clothes, food, and sustenance, and that said children appear undernourished, are apparently ill and in need of medicine and medical attention and the care of some person or persons who will serve and act as and instead of a mother to said children; that said Owen has not the means or financial ability to properly take care of said minors and provide for them as he should, and on account of this neglect the said children should be placed in some proper institution or home or in some private family where they may receive the care and attention and education to which they are justly and legally entitled.
 

 These charges could perhaps have been more specifically set out, but the affidavit considered as a whole is sufficient in law to inform the defendant of the nature and cause of the accusation against him, and the facts alleged, if proven to be true, make the accusation one which clearly comes within the jurisdiction of the juvenile court.
 

 It is distinctly charged that the defendant as the father of the children is actually and in fact neglecting them; that he does not provide them proper clothes, food, and sustenance; that he fails to provide the children with medicine and medical attention; that the children are undernourished, and are
 
 *262
 
 apparently ill for lack of proper food and medical attention.
 

 It is further charged that the defendant has not the means or financial ability to properly take care of the children and provide for them as he should do.
 

 The affidavit substantially, if not almost literally, follows the terms of the statute, and clearly presents a case against the defendant of not only contributing to the neglect of his children but a case of actual and positive neglect to give them the proper nourishment and clothing and to provide medical attention when sick.
 

 The case as presented by the affidavit must therefore be regarded as one which the lawmaker had in contemplation when creating the juvenile court, and falls within the terms of that statute.
 

 The case of State v. Rose, 125 La. 1080, 52 So. 165, cited by counsel for appellant, has no application to the case we have here.
 

 In that case the defendant was prosecuted in the juvenile court of New Orleans for willfully and unlawfully permitting minors to perform on a stage.
 

 The juvenile court for the parish of Orleans was created by Act 83 of 1908. That court, as the present juvenile courts of the other parishes of the state, was vested with jurisdiction of all neglected and delinquent children, and of all persons charged with contributing to the neglect or delinquency of such children.
 

 The court held that the jurisdiction of the court was confined to matters and offenses relating to “neglected and delinquent” children, and did not extend to offenses against, or which concern, children who are neither neglected nor delinquent.
 

 “Hence the affidavit on which this prosecution is based, setting forth that defendant permitted certain children to perform on the stage of a theatre, contrary to the prohibition contained in Act No. 301 of 1908, whilst, perhaps, charging an offense under the statute last mentioned, charges no offense cognizable in the juvenile court, by which defendant has been convicted, since it fails to charge that the children, so permitted to perform, are neglected or delinquent, within the meaning of Act No. 83 of 190S.”
 

 The difference between that case and the instant one is obvious.
 

 Here the defendant is not charged with an offense not embraced in the statute 83 of 1921, but is charged with the offense of contributing to the neglect of his children, an offense clearly denounced in the juvenile court statute.
 

 The case of State ex rel. Herbert v. Renaud, 157 La. 776, 103 So. 101, 102, is likewise inapplicable.
 

 That was an application for a habeas corpus by the father to regain possession and control of his children which were in possession-of the defendant. The latter filed an exception to the jurisdiction of the civil district court, based on the ground, that in former prosecutions against relator in the juvenile court of Orleans for nonsupport and alimony the court had declared that the children should remain under the control of defendant, and that such orders were final judgments awarding the custody and control of the children to the respondent.
 

 This court held that the proceeding in a district court by a father to enforce his right to the care, custody, and control of his minor children, through a writ of habeas corpus, is purely a civil proceeding between private in
 
 *264
 
 dividuals, to which the state is a party only in a nominal sense.
 

 Blit it was further said by the court:
 

 “Where the state, however, initiates a proceeding in a juvenile court by affidavit charging the juvenile with being a delinquent or neglected child, or by information charging a parent with contributing to the neglect of su<?h child, the proceeding partakes of a quasi criminal character, with the state as the actual complainant.
 

 “In such cases, the- jurisdiction of a juvenile court is made exclusive by the present Constitution.”
 

 The case of State ex rel. Monroe and wife v. Ford, 164 La. 150, 113 So. 798, 800, also cited by defendant, was an application for a habeas corpus by the father and mother to regain possession of their child from the defendant who had received the child from the Louisiana Children’s Home Society, Inc.
 

 The case came to this court on appeal from a district court exercising civil jurisdiction.
 

 T-here was no question of jurisdicton at issue in the case, nor was there any contention that the child was a neglected or delinquent child. There was some contention that the defendant was the more able financially to take care of the child than its father.
 

 The court held, however:
 

 “The mere fact that the defendant is better able than the relators to take care of the child in a material way does not warrant the court in refusing to recognize the right of the mother to the custody of her child,”
 

 It is contended by defendant that the tutorship and possession of and authority over minor children whose mother is dead belong of right to the surviving father, and, if he is physically and mentally able and morally fit to take care of his children, no one better able to care for them can question his right to have them in his custody.
 

 The proposition is self-evident, and, were this a contest between the father and private individuals claiming the custody of the children on the ground that they were better able to take care of the children than the father, there would be no doubt as to what the decision would be.
 

 We said in the Renaud Case, supra, that this court “has repeatedly recognized the paramount right of the father to the custody of his minor children, unless it is proven that he is disqualified by unfitness to have such care and control, and this right of the father, in controversies between the spouses, among themselves, or with third persons, has been uniformly enforced through writ of habeas corpus.”
 

 Such contests, of course, are within the jurisdiction of the courts exercising general civil jurisdiction.
 

 But the organic law and the lawmaking power of the state has seen fit to create a special tribunal and to. vest in that tribunal the power and jurisdiction in a proceeding brought by the state, or on behalf of the state, to inquire whether or not a child was a neglected or delinquent child.
 

 And this jurisdiction, we said in Brana v. Brana, 139 La. 305, 71 So. 519, “is not to be challenged except in a direct action brought for that purpose, or in some appellate tribunal ; and hence is not subject to inquiry in the civil district court, but must there be assumed to be well founded.”
 

 The line of demarcation between the courts exercising general civil jurisdiction with respect to the care, custody, and control of minors and the juvenile courts is well defined. These courts, in dealing with the welfare and interest of minors under a given
 
 *266
 
 age, are entirely independent of each other. Where the contest is between the parents, or between a parent and a third person-, as to who should have the control and care of the minor, the court exercising general civil jurisdiction is the proper and exclusive tribunal to decide the issue.
 

 But, where a child is neglected or delinquent, and where the parent contributes to, or is responsible for, such neglect or delinquency, then the state has the paramount right in the interest of the welfare of the child to say who shall have the care, custody, and control of the child, and the juvenile court has been made the special and exclusive tribunal for determining such issue.
 

 There is no force in the contention that this is not a proceeding by the state. It is true that the proceeding was initiated by the affidavit of individuals, but the charge as stated is quasi criminal, and it was made on behalf and in the interest of the state in the proper exercise of its paramount right to determine the best interest and welfare of the children in the manner provided by law.
 

 Nor is there any merit in the contention that the juvenile court of Claiborne parish has no personal jurisdiction over the defendant. The children were in Claiborne parish.
 

 That parish was the actual residence and legal domicile of the defendant up until a few months before this proceeding was instituted.
 

 The Constitution has expressly denied to this court jurisdiction to pass on the facts in cases of this character.
 

 We may say, however, that the judgment is only provisional, subject to be changed or modified at any time, as may be justified by the change in conditions.
 

 We may say also that’from the record it appears that the defendant is devoted to his children. He is an honest and upright man, and there is no intimation or suggestion that he is morally unfit to have the care and raising of his children. The only charge against him is that by reason of his financial condition he has neglected the welfare and support and maintenance of his children, thereby throwing them largely upon public charity.
 

 It is to be hoped, therefore, that the defendant will soon be in a condition financially that will authorize and justify thé judge of -the juvenile court to return the two children to him. This court is powerless to grant him such relief.
 

 The judgment on the question of jurisdiction, the sole question before us, is therefore affirmed.