152 So. 911

STATE, in Interest of BOLIN v. BRUCE.

No. 32599.

Jan. 29, 1934.

Jack & Jack, of Shreveport, for appellant.

Harry V. Booth, of Shreveport, for appellee.

BRUNOT, Justice.

This is an appeal by the defendant, the maternal grandmother of Dorothy Ray Bolin, from a judgment awarding the care, custody, and control of the minor to its father.

This proceeding was initiated by an affidavit, charging that the minor was under the age of seventeen years, and that she was a neglected child within the meaning of the law. If the case had gone to trial upon the affidavit, the juvenile court's jurisdiction to determine whether or not the child was a neglected child, and, if found to be so, to award its custody, could not have been questioned, for the pertinent part of section 6 of Act No. 30 of 1924 is as follows:

"The Juvenile Court for the Parish of Caddo shall have jurisdiction, except for capital crimes and assault with intent to commit rape, of the trial of all children under seventeen years of age who may be charged in said court as neglected or delinquent children."

The case, however, was not tried upon the affidavit, but upon the affiant's lengthy return to a motion for a bill of particulars, the purport and prayer of which is merely a demand for the custody and control of the child. The juvenile judge evidently so considered the demand, for the first paragraph of his written opinion (Tr. p. 15) is as follows:

"Ray Bolin is suing Mrs. Emma Bruce for the custody of Dorothy Ray Bolin, a minor 19 months old."

■ It is elementary that a bill of particulars, filed in response to a motion therefor, is controlling, and fixes the issues to be adjudged.

The return to the motion for a bill of particulars contains recitals which, if true, would warrant the assumption that the physical condition of the minor was not properly safeguarded, but, on the contrary, the judge found, as a fact, that the minor was, is, and would be as well cared for in every respect by its maternal grandmother as by its father. He found that the father preferred to have the child in the care and custody of its maternal grandmother in preference to any other person, provided he himself was not adjudged entitled to its care and custody. He also found that on one occasion the paternal aunt of the minor, in an effort to secure forcible possession of the child, precipitated a scene, and that the controversy over the possession of the child was engendering some feeling between its paternal and maternal relatives. It is for this reason alone that the judge overruled the defendant's attack upon the jurisdiction of the juvenile court to hear and determine the controversy over the custody of the child. The question, therefore, which is presented by this appeal is whether or not, under the facts found by the juvenile judge, the juvenile court, or the district court, is vested, by law, with jurisdiction to hear and adjudge an issue which merely involves the custody and control of a minor.

With reference to this issue the juvenile judge says:

"The findings of fact as above, leaves only a legal question, to wit: Should a 19 months old baby girl be taken from her maternal grandmother, who had raised her from birth, and given to her father, when there is no question of her ability to properly raise said

child, or of her character, or of anything that might militate against the child. * * *"

■ As a reason for maintaining the jurisdiction of the juvenile court, to award the custody of the child in this case, the judge erroneously finds that a controversy among the relatives of the minor, over its custody, that does not, in any way, affect the child's present or future morals, or its health, or its welfare, is such a controversy as warrants the state, in the interest of the child, in assuming or determining its guardianship. The judge says:

"Defendant's attorneys request that the court directly pass upon the question of whether this is a neglected child, questioning the jurisdiction of this Court. Act 30 of 1924 grants jurisdiction of neglected and delinquent children and Section 9 of that Act defines the term Neglected Children. This child does not come within the terms of any phrase used in that Section except the following, to wit: 'The term neglected child, shall mean any child under seventeen years of age * * * about whose custody a controversy may be such as to warrant the state, in the interest of the child, in assuming or determining its guardianship, *in determining what may be for the best interest of the child.'*"

■ The judge has italicized the last twelve words of the quotation from the act, but these words, standing alone, are meaningless. It is the stated premise in the quotation which must exist before the state is warranted in assuming or determining the guardianship of a minor.

In the case of In re Owen, 170 La. 255, 127 So. 619, 622, this court said:

"The line of demarcation between the courts exercising general civil jurisdiction with respect to the care, custody, and control of minors and the juvenile courts is well defined. These courts, in dealings with the welfare and interest of minors under a given age, are entirely independent of each other. Where the contest is between the parents, or between a parent and a third person, as to who should have the control and care of the minor, the court exercising general civil jurisdiction is the proper and exclusive tribunal to decide the issue. But, where a child is neglected or delinquent, and where the parent contributes to, or is responsible for, such neglect or delinquency, then the state has the paramount right in the interest of the welfare of the child to say who shall have the care, custody, and control of the child, and the juvenile court has been made the special and exclusive tribunal for determining such issue."

■ As no fact is shown which would warrant the state in assuming to act in the premises, and as the jurisdiction of the juvenile court, in cases of this kind, is limited accordingly, we must necessarily hold that, in this case, the juvenile court exceeded its jurisdiction in adjudging Ray Bolin entitled to the custody and control of his minor daughter. On the facts found by the juvenile judge, which, under our jurisprudence, we may consider in determining the issue of jurisdiction presented by this appeal, and for the foregoing reasons, it is decreed that the judgment appealed from be, and it is, avoided and reversed, the suit dismissed, and that appellee be taxed with the costs of the appeal.

O'NIELL, C. J., absent.