203 So.2d 893 (1967)
In re the juveniles Donna CRUSE, Vincent Cruse and Michael Cruse.
No. 2937.
Court of Appeal of Louisiana, Fourth Circuit.
November 16, 1967.
Oliver S. Delery, George M. McCulloch, Jr., New Orleans, for Ramona Ollivier, respondent-appellant.
Elmer R. Tapper, Arabi, for appellees.
Salvador L. Licciardi, Chief Juvenile Probation Officer, absent and unrepresented.
Before McBRIDE, HALL and BARNETTE, JJ.
McBRIDE, Judge.
Donna Cruse, Vincent Cruse and Michael Cruse, aged respectively 1, 2 and 3 years, are the illegitimate children of Cecil Monroe Cruse and 17 year old Ramona Louise Ollivier. On May 12, 1967, Salvador L. Licciardi, Chief Juvenile Probation Officer, *894 commenced these proceedings by filing in the Twenty-fifth Judicial District Court for the Parish of St. Bernard a document reading as follows:
"REQUEST OF CUSTODY
"I, Salvador L. Licciardi, recommend to the Court that the three above named children be placed in a foster home through the Helping Hand Society until the trial of Cecil Monroe Cruse.
"Mr. Cruse is awaiting trial for burglary, contributing to the delinquency of juveniles and impersonating an officer.
"Donna Cruse, age 10 months is now living with Mr. & Mrs. Stanley Stopinski at 81 East Claiborne Square, through the Helping Hand Society and the two boys are staying in a room at the K'Teri Motel with their mother and Mr. Cruse.
"All three of the said minors were previously cared for by the Helping Hand Society and were taken to a doctor for examination and their baby shots.
"For the best interest of these children, I strongly recommend that temporary care and custody be given to the Helping Hand Society."
It should be pointed out that the foregoing "Request of Custody" was filed in the Twenty-Fifth Judicial District Court and the order signed pursuant thereto and all subsequent orders, including the motion and order for appeal, carry a caption indicating a proceeding in the district court. Only in the extract of minutes of the court do we find any reference to the court's "acting as a juvenile court" for the Parish of St. Bernard. The district court is clearly without jurisdiction. However, the case is docketed under a number followed by the letter "J", which we assume indicates the juvenile docket, and we think the judge intended to act in his capacity as judge of the Juvenile Court for St. Bernard Parish otherwise the entire proceeding would be stricken wth nullity. State v. LaBorde, 233 La. 556, 97 So.2d 393. It should have been filed in, and all proceedings had in, "The Juvenile Court for the Parish of St. Bernard". Const. art. 7, § 52; R.S. 13:1561.
On May 15, 1967, without a hearing, one of the district court judges, presumably acting as a judge of the Juvenile Court for the Parish of St. Bernard, entered the following order:
"ORDER
"The Court has been informed by Mr. Salvador L. Licciardi, Chief Juvenile Probation Officer, that Miss Ramona Ollivier, mother of Donna Cruse, Vincent Cruse and Michael Cruse is unable to care for her said minor children and the father, Cecil Monroe Cruse is awaiting trial for burglary, contributing to the delinquency of a juvenile and impersonating an officer.
"THEREFORE, The Court is granting temporary care and custody of Donna Cruse, Vincent Cruse and Michael Cruse to the Helping Hand Society and will be placed by them.
"IT IS ORDERED that the minors, Donna Cruse, Vincent Cruse and Michael Cruse is hereby placed in the temporary care and custody of the Helping Hand Society, until further orders of this Court."
From the pleadings we gather that the Helping Hand Society, which the record does not show to be an agency or institution licensed by the State Department of Public Welfare for the placement of children for adoption (see R.S. 9:401), turned custody of the children over to other persons. The child Donna is in the custody of Mr. and Mrs. Stanley J. Stapinski; Vincent is with Mr. and Mrs. Benoit J. Stein; Michael is with Mr. and Mrs. Louis DeLanueville, Jr. When and under what authority and circumstances this was done is not shown by the record.
On June 7, 1967, Mr. and Mrs. Louis A. Ollivier, the parents of Ramona Louise Ollivier, *895 petitioned the court alleging that they, as grandparents of the children, are financially able and willing to care for them, and prayed for custody and control of the children with leave to take them to the Ollivier home in California. The matter was set down for ex parte hearing at which the Olliviers were represented by their attorney; on June 9, 1967, the judge ordered the minors placed "* * * in the temporary care and custody of Mr. and Mrs. Louis A. Ollivier" and "* * * released the Helping Hand Society of the temporary care and custody * * *".
On June 12, 1967 Mr. and Mrs. Stapinski, Mr. and Mrs. Stein and Mr. and Mrs. DeLanueville, Jr. (who seek to adopt the respective child in their possession), filed a joint motion in which they allege it would be to the best interest of said children that a "full" hearing on the matter of their custody be held in order to give movers the right to be represented by counsel and to present evidence on their behalf; they further requested the court to stay the order issued June 9, 1967 which granted custody to the Olliviers. On June 15, 1967 the judge issued an order staying his order of June 9, 1967 and fixed for hearing "the question of custody"; on June 30, 1967 on which date the judge verbally ruled: "In light of the case of State [ex rel. Lott] v. Courtney, [La.App.] 178 Southern 2d 489; State [ex rel. Graham] v. Graham, [173 La. 469] 137 Southern 855, the court will now order the order signed by me on June 9th vacated and set aside."
Mr. and Mrs. Louis A. Ollivier, individually, and also on behalf of their minor daughter, Ramona Louise Ollivier, perfected a suspensive appeal from the above rule.
All proceedings in the juvenile court are brought by and in the name of the State, and may be on petition of a probation officer, in the interest of the named juveniles and "shall be entitled `The State of Louisiana in the interest of ________, a child [or children] under seventeen years of age'". R.S. 13:1574. Exceptions to this procedure are adoption cases, which are governed by special statute, and proceedings to have a child decreed abandoned under the provisions of R.S. 9:403.
Since this is an ex parte proceeding initiated by a probation officer of the juvenile court there is no defendant. The parent is required to be served with a copy of the petition and order setting the matter for hearing, and his or her appearance in response thereto is not as defendant but, more correctly, as a respondent. Mr. and Mrs. Ollivier are not parties to this proceeding, can claim no interest herein and possess no right to appeal. The Stapinskis, the Steins and the DeLanuevilles are absolutely without interest and do not occupy the status of appellees herein.
In this case, as in every juvenile court proceeding in the interest of a neglected or delinquent child, the State of Louisiana is the moving party, and the Juvenile Court is the exclusive organ of the State to determine his custody, provided there is a proper adjudication that the child comes within the purview of the court's jurisdiction as defined in R.S. 13:1570. There has been no appearance before us by the Chief Probation Officer of the Juvenile Court to defend or justify his, (as an officer of the Court) or the Court's attempted acts in behalf of the children in question. Had the Probation Officer made an appearance, it would have been without proper authority for the reasons hereinafter set forth.
The only party at interest appearing before us is Ramona Louise Ollivier, mother of the children, in the capacity of respondent-appellant, and the adjudication of the matter will be made on the appeal taken on her behalf. See In re State, In interest of Fischbein, La.App., 194 So.2d 388.
As appears from the above narration of the pleadings and procedure in the court below, it is perfectly obvious that the matter is a contest between persons with diverse *896 interests for the custody of the subject minor children.
Juvenile courts are given exclusive original jurisdiction over minors under 17 years of age adjudged to be neglected (see R.S. 13:1569(8) within the conditions set forth in R.S. 13:1570, paragraph A, i. e., any child
"(1) Whose parent or other person legally responsible for the care and support of such child neglects or refuses, when able to do so, to provide proper or necessary support, education as required by law, or medical, surgical or other care necessary for his well-being; or who is abandoned by his parent or other custodian; or who is otherwise without proper care, custody, or support." Or
"(2) Whose occupation, behavior, environment or associations are injurious to his welfare."
These courts are further, under said section, endowed with the authority
"C. To award the custody of a child domiciled within the parish or who is actually in the parish to an agency, institution or individual when the parent or other person having custody or care of the child wishes to relinquish custody or care for the purpose of enabling the child to receive adequate care and protection."
Clearly, from the provisions of R.S. 13:1570, it is evident that a juvenile court's right to decree who is to have the custody of a child is limited and restricted to those who are adjudged to be neglected or delinquent children, or when the parent or other person having custody of the child wishes to relinquish custody or care for the purpose of enabling the child to receive adequate care and protection. R.S. 13:1580.
All that the Chief Juvenile Probation Officer sets forth in his "Request of Custody" is that the father of the children is awaiting trial on certain criminal charges and that all three children were previously cared for by the Helping Hand Society and that for their best interest he recommends that temporary care and custody be given to said Society. Nowhere is it said that the children come within one or more of the categories contemplated by Paragraph A (1) and (2) or Paragraph C of the statute. The record does not show that the judge below found as a fact that the children came within the purview of the juvenile court law as neglected children or had been relinquished to the court by their mother and there is no evidence to that effect.
Under these circumstances, the court below was without jurisdiction and the judge had no power or authority to issue any orders respecting their custody or control. In Re: Pratts, 222 La. 126, 62 So.2d 124 and State v. McMillan, 191 La. 317, 185 So. 269, in which latter case the Supreme Court said:
"It is perfectly evident that unless and until a child is found to be neglected the Juvenile Court has no jurisdiction as to its custody.
"In the case of In re Owen et al., 170 La. 255, 127 So. 619, we said [page 622]:
"`The line of demarcation between the courts exercising general civil jurisdiction with respect to the care, custody, and control of minors and the juvenile courts is well defined. These courts, in dealing with the welfare and interest of minors under a given age, are entirely independent of each other. Where the contest is between the parents, or between a parent and a third person, as to who should have the control and care of the minor, the court exercising general civil jurisdiction is the proper and exclusive tribunal to decide the issue.'
"To the same effect are the following cases: In re State in re Oswald, 177 La. 1007, 150 So. 1; Brana v. Brana, 139 La. 305, 71 So. 519; Buffington v. Goldman, 152 La. 647, 94 So. 147, and State in Interest *897 of Bolin v. Bruce, 178 La. 1081, 152 So. 911."
For the reasons assigned the "Request of Custody" filed by Salvador L. Licciardi, Chief Juvenile Probation Officer, is dismissed, and the verbal order appealed from as well as any and all other orders by the court below and all proceedings herein be and the same are hereby set aside, annulled and avoided and it is now ordered, adjudged and decreed that the said children, Donna Cruse, Vincent Cruse and Michael Cruse, be returned to the custody of their mother, Ramona Louise Ollivier.
All proceedings below set aside, annulled and avoided.