*571 ON REHEARING
The plaintiff, Patricia Beard Wood, filed a petition for rehearing which we granted in order that we might determine what effect the recent Louisiana Supreme Court case of Griffith v. Roy, 263 La. 712, 269 So.2d 217, may have on the case at bar.
In that case a mother filed a suit seeking a separation a mensa et thoro from her husband, and on doing so was awarded the provisional custody of the children who were the issue of the marriage. A little over a year and a half later the children were taken from their mother’s home by their paternal grandfather and four days later he filed a suit in the District Court of Jefferson Parish, Louisiana, alleging that the children were neglected and that their mother was morally unfit to keep them, and praying for the permanent custody of the children. Although personal service was had on the mother she failed to answer or appear, and a month later the grandfather was awarded the permanent custody of the children by default judgment. Subsequently the mother filed a petition for a writ of habeas corpus and a rule for change of custody in the same court, but following the trial of those matters custody of the children was maintained in the grandfather. The mother appealed, without success, to the Fourth Circuit Court of Appeal, and finally took her case to the Louisiana Supreme Court where the two previous judgments were reversed.
At the outset of their opinion the Supreme Court stated that it was:
“ . . . required to determine whether a district court or a juvenile court has jurisdiction to adjudicate the status and custody of two children under seven years of age when a neglect complaint is made by a grandparent and there has been no prior judicial determination of custody between the divorced parents.”
It was decided by the Supreme Court that the Juvenile Courts have exclusive jurisdiction to determine custody in such cases. However, the opinion also contains a discussion regarding the legal capacity, or lack thereof, of third parties to raise the issue of custody of children while the marriage contract is in existence, and concludes by expressing the view that only the state may do so. We consider this language to be dicta, as the parties in the Griffith case had been divorced prior to the seizure of the children by the paternal grandfather, and hence the marriage contract was no longer in existence in that case. Additionally a discussion of whether or not the grandparents may seek custody of the children while the marriage is still in existence was in no way necessary to the holding of the case, i. e., that the District Court was without jurisdiction in the matter, as is clearly seen from a reading of footnote (5) to the opinion. In that footnote the Court said:
In this opinion we are determining only jurisdiction. The question of whether a third party has a right or cause of action to institute a suit which is in substance as well as style a civil proceeding for custody of minor children is not before the court. Neither do we reach the question of a third party’s rights in civil custody proceedings pending between parents.
Finally, we find it difficult to believe that the Supreme Court intended to bind the hands of the District Courts with a cord of procedural technicality to the extent that an acceptance of plaintiff’s interpretation of the Griffith case would produce.
A penetrating study of the Griffith case induces us to conclude that its holding is simply that only the State may initiate an action to have a child declared neglected and that the juvenile courts have exclusive jurisdiction of such actions. In addition it holds that a mother seeking the custody of her children from their grandparents may file a petition for a writ of habeas corpus in the District Court, and that such should be tried in the District Court.
*572 In the case at bar the mother in fact initiated the litigation by seeking a writ of habeas corpus in the District Court. The matter was tried there and resulted in a judgment of temporary custody in favor of the defendant grandparents. We do not opine' that the result is in conflict with Griffith v. Roy, supra, since although the District Court may not have had jurisdiction of the reconventional demand filed by the defendant grandparents, it most certainly had jurisdiction of the habeas corpus proceeding filed by the mother. In Griffith the court said:
However, proceeding by writ of ha-beas corpus can be had here by the mother, where there is a claim of detention by another without legal right. The only jurisdiction for such a proceeding is in the district court, and venue would be where the children are detained or at the domicile of the defendant. The mother’s application for habeas corpus relief was brought in the proper forum, and was the legal vehicle by which she could assert her right to regain the custody of the children who had been taken by the grandparent. State v. Renaud, 157 La. 776, 103 So. 101 (1925); State v. Salter, 211 La. 918, 31 So.2d 163 (1947). The district court erred in dismissing that proceeding. It must determine in the hearing on the application for habeas corpus the custody of the children and not the change of custody of the children since there has never been a legal award of custody.
The trial judge did not pass upon the reconventional demand of defendants in rendering judgment, and the judgment, as well as his written reasons therefor, show that he treated the matter strictly as a habeas corpus proceeding. There is no hint of any of the infirmities that were found in Griffith, such as allegations of neglect, etc., in the instant case, and under the language last quoted from Griffith and the prior jurisprudence of the Supreme Court, Ex parte Ryan, 126 La. 449, 52 So. 573, it appears to us that the District Judge acted within his jurisdiction and discretion m rendering the judgment appealed. Accordingly, except to eliminate the word “successful” from our reference to the defendants’ reconventional demand, in the second paragraph thereof, we adhere to our original decree.
For the reasons assigned, with the above mentioned modification, our original opinion is reinstated and made the final judgment of this court.